**Delphine SEMAN, Plaintiff,**

v.

**PITTSBURGH BREWING COMPANY,**
**Defendant.**

**Civ. A. No. 35533.**

United States District Court
N. D. Ohio, E. D.

March 31, 1960.

Charles S. Huffman, Jr., Cleveland, Ohio, for plaintiff.

Daniel C. Schipfer, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is a personal injury action brought by a resident of Parma, Ohio, in this judicial district and division, against the Pittsburgh Brewing Company, of Pittsburgh, Pa.

The return shows that a copy of the summons and complaint were served by

**210**

a deputy marshal of the Western District of Pennsylvania upon the Secretary of the defendant corporation on August 29, 1959, at Pittsburgh.

Defendant has filed a motion to quash service of summons on the ground that the service was defectively made outside the jurisdiction of this court. Rule 4(f), Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

> "*Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

Plaintiff has not cited any federal or Ohio statute authorizing service of process outside this state.

Plaintiff filed a motion to strike defendant's motion to quash on the ground that defendant, not having filed its motion within the twenty-day answer period, had waived the defense of improper venue.

■■ As defendant correctly replies, its motion is directed to improper service of process, not to venue. Improper venue is a matter of defense which a defendant may waive by mere non-assertion (Rule 12 (h)), but defendant cannot waive lack of service by non-appearance because, there being no jurisdiction over the person, the twenty-day period cannot begin to run. In re Eizen Furs, Inc., D.C.E.D. Pa.1950, 10 F.R.D. 137. The defense of lack of jurisdiction over the person may be waived only if the parties appear voluntarily. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 873.

■ The record showing an insufficiency of process, defendant's motion to quash will be sustained and plaintiff's motion to strike will be overruled.