S. John Cottone, Scranton, Pa., Paul R. Wallace, Dept. of Justice, Washington, D. C., for plaintiff.

Charles Oran Mensik, pro se.

**UNITED STATES of America,**
**Plaintiff,**

v.

**Charles Oran MENSIK, Defendant.**

**Civ. No. 69–521.**

United States District Court,
M. D. Pennsylvania.

Oct. 30, 1972.

## OPINION

MUIR, District Judge.

The United States filed this action on December 31, 1969, demanding judgment for certain unpaid federal tax claims outstanding against the Defendant for the years 1953, 1954, 1955, 1956, and 1960. The summons and complaint were served personally on the Defendant at the United States Penitentiary, Lewisburg, Pennsylvania where he was an inmate. Proceeding *pro se*, Defendant answered the complaint and moved to dismiss the action. The Government moved for summary judgment and for leave to amend

the complaint. On December 31, 1971, this Court, 335 F.Supp. 770, denied Defendant's motion to dismiss and granted the Government's motion for summary judgment with respect to income taxes due for the years 1953 through 1956. The summary judgment motion as to the year 1960 was denied because the Court was not furnished with copies of waivers by which the time for making assessments was extended and because the Government's interest calculation was in apparent error. The Court also granted the Government's motion to amend the complaint. The amendment, filed January 11, 1972, sought to reduce to judgment an additional assessment for the year 1960 for which the unpaid assessed balance was $31,966.28. Before the Court at this time is the Government's motion for summary judgment for the taxable year 1960 in the amount of $41,202.95 plus interest from June 30, 1972 to the date of judgment.

This case has been complicated by the fact that on October 11, 1971, the Defendant escaped from the Lewisburg Penitentiary and still remains a fugitive from the law. Following the Defendant's escape, the Government served its amended complaint and its motion for summary judgment upon the Defendant by having a U. S. Marshal deliver a copy of these pleadings to the authorities at the Lewisburg Penitentiary. Despite the fact that Defendant has filed no motion contesting service, this Court is concerned about the sufficiency of the service of the Government's amended complaint and motion for summary judgment. While F.R.Civ.P. 12(h) states that "[a] defense of . . . insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . .," authorities interpreting this rule have held that the waiver provisions of Rule 12 are applicable only to a party who is before the court and who has had the opportunity to file an appropriate motion. Berlanti Construction Co. v. Republic of Cuba, 190 F.Supp. 126 (S.D.N.Y.1960). The Defendant is obviously unaware of the additional claims asserted in the amended complaint and of the motion for summary judgment. Therefore, I feel compelled to resolve the question clearly presented by the record in this case as to whether service of the amended complaint and motion for summary judgment was sufficient. See Picking v. Pennsylvania R. Co., 11 F.R.D. 71 (M.D.Pa. 1951).

Service of every pleading subsequent to the original complaint is governed by F.R.Civ.P. 5.[1] Rule 5(a) provides that

---

1. The applicable provisions of F.R.Civ.P. 5 are as follows:

"(a) *Service: When Required.* Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

"(b) *Same: Home Made.* Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous

pleadings must be served upon a party in accordance with Rule 5(b), except that no service need be made upon a party in default. By virtue of his answer to the original complaint, the Defendant cannot be considered a party in default. Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963). Therefore, the Defendant was entitled to Rule 5 service of the amended complaint and motion for summary judgment.

Rule 5(b) requires that service of pleadings be made by mailing a copy of the pleadings to the party at his last known address, by leaving a copy with the clerk of court where no address is known, or by delivery to the party at his office, dwelling house, or usual place of abode. The penitentiary from which Defendant escaped was Defendant's last known address, and service of the amended complaint and motion for summary judgment would have been perfected had the Government mailed the amended complaint to the Defendant at the penitentiary. However, the Government elected to have a U. S. Marshal deliver the pleadings to the Defendant by leaving a copy of the documents with the penitentiary authorities. Because the Government chose delivery of the pleadings over mailing, the question is whether the penitentiary is Defendant's usual place of abode. The term "usual place of abode" has received little interpretation within the context of Rule 5(b). However, the identical term is employed in the language of F.R.Civ.P. 4(d) (1), and within that context "usual place of abode" has received extensive judicial interpretation. Courts interpreting these words have focused on their literal meaning, so that usual place of abode is taken to mean the permanent residence

of the party. Wright and Miller, Federal Practice and Procedure, § 1096. Where a party has no place of residence, the courts have looked to the party's intent to return to the place of service. Wright and Miller, *supra*. Even under the most liberal interpretation, however, I fail to see how a penitentiary can be the usual place of abode of an escaped prisoner. The Defendant in this case is not now residing at the penitentiary, he surely does not intend to return there of his own accord, and the possibility of his being sent to the same penitentiary upon capture is purely speculative. I conclude that the pleadings were not delivered to the Defendant at his usual place of abode, and therefore, service of the amended complaint and the motion for summary judgment did not comply with the provisions of Rule 5.

The service requirements of Rule 5 present an obvious incongruity, for while mailing pleadings to a party's last known address is sufficient, delivery of the pleadings to a party's last known address is not. However, the language of Rule 5 is clear. Compliance with the rule is easy, and proper service in this case was certainly within the Government's power. I am always reluctant to avoid reaching the merits of an otherwise valid motion because of non-compliance with purely technical rules of procedure. However, I am even more reluctant to disregard procedural requirements clearly established by the Federal Rules.

Because the Government's amended complaint and motion for summary judgment were not·properly served pursuant to the provisions of F.R.Civ.P. 5, the motion for summary judgment must be denied.

An appropriate order will be entered.

place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suit-able age and discretion then residing therein. Service by mail is complete upon mailing."