Judith Ann GAFFNEY,
Plaintiff-Respondent,

v.

James Patrick GAFFNEY, Jr.,
Defendant-Appellant.

No. 58871.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1975.

Rehearing Denied Oct. 13, 1975.

Claude T. Wood, Richland, for respondent.

J. W. Grossenheider, Lebanon, for appellant.

HOLMAN, Judge.

In this divorce case the trial court entered a judgment in plaintiff's favor, granting her a decree of divorce, alimony in gross, periodic alimony, custody of two small children, child support and an attorney's fee. On appeal to the Court of Appeals, Springfield District, the decree dissolving the bonds of matrimony existing between the parties was affirmed. The order granting custody of the children, although limited to some extent, was also affirmed. In all other aspects the decree of the trial court was vacated. Upon application of respondent we ordered the case transferred to this court. It will be finally determined here the same as on original appeal. Art. V, § 10, Mo.Const.

With one exception, we agree with the conclusion of the court of appeals on the issues and will adopt portions of the opinion filed by that court without the use of quotation marks.

The parties were married on July 26, 1969, in Reno, Nevada. Plaintiff, who had been reared in Camden County, Missouri, was then an airline stewardess; defendant was serving in the Air Force as a navigator in the Strategic Air Command. The two established a succession of temporary residences, moving as the defendant's duty station was changed. Shortly before their separation, the parties lived at Bossier City, Louisiana, approximately five miles from Barksdale Air Force Base, where the defendant was then stationed. They owned a home there.

The marriage was apparently never a happy one, although plaintiff and defendant became the parents of two children, one being born after their separation. Since we shall not consider the action on its merits, it is unnecessary to discuss plaintiff's grounds for divorce.

Plaintiff left her husband and returned to her parents' home in Camden County, Missouri, on February 7, 1972. Eleven days later she filed a petition for divorce in the Circuit Court of Camden County. To invoke the court's jurisdiction of the marital status, plaintiff averred in the familiar language of former § 452.050, RSMo 1969, V.A.M.S., that she was a resident of Camden County, Missouri, and had been a resident of the state for more than one whole year next before the filing of her petition. Seeking further to vest the court with jurisdiction of defendant's person, plaintiff sought and obtained service of summons and a copy of her petition upon defendant under former Rule 54.07, which authorized the rendition of general (in personam) judgments against persons domiciled in this state at the time of commencement of the action or at the time of service, upon service of process outside the state by an officer authorized to serve process in the state or territory where service was had. It was and is conceded that the defendant was

served with a copy of the writ of summons and copy of the petition, as provided by former Rule 54.07. Nevertheless, defendant filed a timely motion asserting that no proper service of process was had upon him, and that the court had no jurisdiction of his person. When this motion was denied, defendant answered, pressing the same objection to the jurisdiction of the court.

The action was commenced February 18, 1972. The case was thereafter tried in fits and starts, first on defendant's motion to dismiss for lack of jurisdiction—denominated a "motion to quash service"—then on his motion to stay proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 521, and finally upon the merits on December 6, 1972, after the stay was denied and defendant's counsel left the courtroom. A great deal of the slender record before us consists of conversation—or downright argument—between counsel and the trial court. We shall, therefore, forego narration of the particulars of the trial as it progressed.

At the outset of our consideration of the merits of this appeal it should be noted that defendant did not have the same attorney in this court that represented him in the trial court and the court of appeals; and that the position stated by defendant's attorney in oral argument was somewhat different from that stated in the brief.

■ Defendant's first contention is that he was not domiciled in Missouri at the time he was served with summons (or at any other time) and therefore the court had no "in personam" jurisdiction of him and erred in rendering a personal money judgment against him. At the time the case was argued here, defendant's attorney stated that he was not contesting the issue as to the jurisdiction of the court to grant the divorce and that it was agreeable with defendant for that portion of the decree to be affirmed; he also agreed that the court had jurisdiction to make certain orders relating to the custody of the children.

In view of the foregoing position taken by defendant the decree of divorce will be affirmed. In regard to the custody portion of the decree, it is our view that such also should be affirmed. It has long been the rule in this state that where a plaintiff and child reside in Missouri the court granting a divorce has jurisdiction to award custody of the child even though only constructive service is obtained upon the absent parent. *Beckmann v. Beckmann,* 358 Mo. 1029, 218 S.W.2d 566 (1949). See also, *State ex rel. Stoffey v. La Driere,* 273 S.W.2d 776[9] (Mo.App.1954). And such is the general rule as indicated by the following from 24 Am.Jur.2d, Sec. 774, p. 882: "If the plaintiff has a domicil in the divorce state and has actual possession of the children within the divorce state, the divorce court has jurisdiction to award custody to the plaintiff even though the defendant is served constructively."

■ The court of appeals opinion, sua sponte, discussed a possible limitation upon the trial court's jurisdiction to award custody but we do not deem it necessary or advisable to discuss that matter. That point was not included in the briefs and after we granted transfer appellant has not elected to file a supplemental brief in order to raise and develop the question. Appellate review is ordinarily limited under the civil rules to points properly briefed. Rule 84.04(a); *School Services of Missouri, Inc. v. Caton,* 419 S.W.2d 954[4] (Mo.App.1967); *White v. Kuhnert,* 207 S.W.2d 839[1] (Mo.App.1948).

The validity of the money judgment portion of the decree is dependent on the domicile of the defendant. He was 28 years of age at trial time, but his domicile of origin is not shown. Relying on *In re Toler's Estate,* 325 S.W.2d 755 (Mo.1959), and other authorities, plaintiff sought to show that Missouri was defendant's domicile of choice. It was established that defendant had designated "Post Office Box 225, Osage Beach, Missouri" as his permanent home while he was in military service; that defendant had paid personal property taxes in Camden

County and had registered two automobiles in Missouri. Defendant had discussed going into business with his father-in-law. The plaintiff admitted, nevertheless, that she and her husband had never "lived together" as husband and wife in Missouri; defendant had been in Camden County, on occasion, but only during vacations and once when plaintiff underwent an operation. The defendant had discussed going in business with his father-in-law, but the two did not "discuss exactly when [defendant] could get out [of military service]." Plaintiff herself said she had no idea when her husband would be discharged from the Air Force.

 In *Toler,* supra, 325 S.W.2d at 759[6], and in *Trumbull v. Trumbull,* 393 S.W.2d 82, 90–91[18] (Mo.App.1965), it was held that to effectuate a change of domicile, presence in the new domicile and the intent to remain there, permanently or indefinitely, must coincide. The general authorities likewise stress the importance of a present intent to regard the new place as a present home. Leflar, American Conflicts Law, § 10, p. 19 (1968) (hereinafter cited as Leflar); 25 Am.Jur.2d Domicil §§ 26, 27 (1966). In this case, plaintiff's proof is insufficient to establish any such present, fixed intention on the defendant's part. No doubt defendant's designation of Osage Beach as a permanent home address, his payment of local taxes and registration of automobiles in Camden County are operative facts having evidentiary value; they are persuasive in favor of a new domicile. Leflar, § 10, p. 20. Note, Evidentiary Factors in the Determination of Domicil, 61 Harv.L.Rev. 1232 (1948). Certainly such acts tend to negate any intention 'to establish a matrimonial domicile outside Missouri at one of the parties' temporary residences. Nevertheless, there is no record indication that the defendant was ever in Missouri except for a limited or special purpose, such as vacationing or to be present during a family emergency. Such motives do not demonstrate an intent to change one's domicile. *Texas v. Florida,* 306 U.S. 398, 427, 59

S.Ct. 563, 577, 83 L.Ed. 817, 835, 121 A.L.R. 1179, 1195 (1939), *In re Pecoraro's Will,* 187 Misc. 693, 64 N.Y.S.2d 414, 417 (1946), Note, supra, 61 Harv.L.Rev. at 1239; and defendant's tentative, conditional consideration of employment, or a business association, at some indefinite time in the future cannot be taken as proof of a present intent to regard Camden County as a present home. To reiterate, we cannot say where defendant is domiciled. We can say, with reasonable confidence, that he is not domiciled in Missouri.

As stated above, defendant was served under former Rule 54.07 which authorized the rendition of general judgments against persons domiciled in this state at the time of service, upon service of process outside the state by an officer authorized to serve process in the state or territory where service was had. Since defendant was not domiciled in Missouri, in personam jurisdiction was not obtained by the trial court under former Rule 54.07.

Plaintiff contends that even if defendant is not a resident of this state the trial court acquired jurisdiction over the defendant's person since Rule 54.06(b) is procedural and thus retroactive. Rule 54.06(b), which became effective on September 1, 1973, subsequent to the date that process was served on defendant, authorizes the rendition of a general judgment in personam when service is obtained outside the state on a person "who has lived in lawful marriage within this state, . . . if the other party to the lawful marriage continues to live in this state." This argument evidences a misunderstanding of the concept of retroactivity. A ruling that Rule 54.06(b) is retroactive would merely signify that service of process sufficient to authorize the rendition of a general judgment could be obtained subsequent to the effective date of the rule on a person who lived in lawful marriage in this state prior to the effective date of the rule. See, *Scheidegger v. Greene,* 451 S.W.2d 135 (Mo.1970). Such a ruling would have no effect in those cases where service of proc-

ess was obtained prior to the effective date of the rule. The civil rules in effect on the date service was obtained govern this appeal.

A judgment ordering a defendant to pay money is void when the court has no jurisdiction over the person of defendant. *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877). Since in personam jurisdiction was never obtained over defendant, the award to plaintiff of alimony in gross, periodic alimony, child support and an attorney fee must be vacated. *Beckmann v. Beckmann,* 358 Mo. 1029, 1034, 218 S.W.2d 566, 570, 9 A.L.R.2d 428, 433 (1949).

Defendant has briefed and argued the alternative contention that the court erred in failing to grant him a stay or continuance under the Soldiers' and Sailors' Civil Relief Act. Since this contention is submitted alternatively and we have decided defendant's other contention in his favor it is not necessary to discuss this point.

The decree dissolving the bonds of matrimony and awarding custody of the two minor children of the parties to plaintiff is affirmed. In all other respects the decree is reversed.

SEILER, C. J., and MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

BARDGETT, Judge (dissenting).

I respectfully dissent.

In my opinion there was sufficient evidence upon which the trial court could reasonably find as a fact that appellant was domiciled in Missouri and I would defer to that finding. The domicile of a person in the military service is oftentimes difficult to determine. In this case appellant does not claim to be domiciled in any other specific place and has designated Osage Beach, Missouri, as his permanent home address in his military records. This affirmative declaration of Missouri residency by the appel-

lant, in my opinion, satisfies the requirement that he have a fixed intention to regard Missouri as his residence permanently or for an indefinite period of time. This, in my opinion, is particularly so in a situation where the nature of his employment— military service—requires his presence in various states and overseas and when he does not claim residency anywhere else.

With respect to physical presence in Missouri, there was evidence that appellant was in Camden County, Missouri, on a number of occasions. Although these occasions may principally have been when he was on furlough or vacation, it may well be that was the only time his employment allowed him to be in Missouri. In any event, it appears to me that the foregoing evidence together with the other evidence set forth in the principal opinion formed a sufficient basis for finding appellant to be a resident of Missouri.

For the foregoing reasons, I dissent.