**Hallie L. Robbins v. Douglas K. Matulonis, J. H. Walker Co., Inc. and Continental Telephone Co. of Vermont, Inc. v. Sebago Lake Garage**

[392 A.2d 399]

No. 314-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

Appellee's Motion To File Stipulation Out of Time Denied September 28, 1978

Appellee's Motion for Reargument Denied as Untimely Filed, V.R.A.P. 40, September 28, 1978

*Bruce M. Lawlor,* Law Offices of *Douglas Richards,* Springfield, for Defendant-Appellant Walker.

*Barbara E. Cory* of *Dinse, Allen & Erdmann,* Burlington, for Defendant-Appellee Sebago.

**Larrow, J.** This case comes before us as an intermediate appeal from a trial court order dismissing Sebago Lake Garage, a Maine corporation, as a principal defendant. The order was based upon an agreed statement of facts and a determination of insufficient minimum contacts by Sebago to support Vermont jurisdiction. The parties have briefed at length the test first enunciated in *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), and expanded upon in later cases, to and including *Kulko* v. *Superior Court,* 98 S. Ct. 1690 (1978). They consider the correctness of the ruling below to be determined by the effect of those cases upon the "long arm" requirements for obtaining jurisdiction over the person of an out-of-state party, now contained in 12 V.S.A. § 913(b) and V.R.C.P. 4(e). We disagree, and reverse for the reasons hereinafter stated.

Sebago Lake Garage is a Maine corporation. Allegedly, it made a defective installation of a trailer hitch on a truck unit, in Maine, later causing, at least in part, an auto accident in Vermont in which plaintiff was injured. Many attendant circumstances were stipulated to, but they become immaterial in our view of the issue.

Sebago first came into the action below as a third-party defendant, summoned in by the third-party complaint of J. H. Walker Co., Inc., another defendant. Purported service outside the state was made, and Sebago, for several months, entered no formal appearance and filed no answer or motion to dismiss. On June 28, 1976, plaintiff filed a motion to add Sebago as a party defendant, and on September 28, 1976, just before

hearing on the motion, Sebago entered into and filed a stipulation that this motion be granted. The stipulation was signed by its attorney, and appears to be the first written filing on its behalf. The motion was granted by written order, and an amended complaint was served upon Sebago's attorney by mail. Sebago then answered the amended complaint, denying the allegations generally, and pleading lack of jurisdiction as an affirmative defense. At the same time, it moved separately to dismiss for lack of jurisdiction over it.

It is not completely clear to us from the order of dismissal whether the order was intended to encompass Sebago's presence before the court as a third-party defendant as well as a principal defendant. We will treat it as relating to both, because we consider it erroneous in either respect.

Clearly, we are not here confronted with an issue involving subject matter jurisdiction, capable of being raised at any time. V.R.C.P. 12(h) (3). The action is one for personal injuries arising from an accident that occurred in Vermont, traditionally a transitory action. The issue involves jurisdiction over the person, and it is waived if not made in a motion under V.R.C.P. 12 or included in a responsive pleading. V.R.C.P. 12(h) (1). From aught that appears, Sebago as yet has filed no motion or answer directed to the averments of the third-party complaint served upon it, and has therefore waived any objection to personal jurisdiction over it with respect to those averments. *In re Stocker,* 133 Vt. 161, 163, 333 A.2d 92, 93 (1975); *O'Brien* v. *Comstock Foods, Inc.,* 123 Vt. 461, 467, 194 A.2d 568, 572 (1963).

More important, however, is the fact that Sebago is now a defendant in the main action, not through compulsion or the operation of any rule or statute, but by virtue of its own stipulation, agreeing that it be added as a party defendant. Constitutional questions of due process are not presented; the presence or absence of "minimum contacts" is not relevant in this case. *International Shoe, supra,* and its progeny, all involve defendants contesting the assertion of jurisdiction over their persons against their will, not in conformity to their stipulation. There is no need to examine whether the constitutional requirements for "deemed consent" or "deemed

submission" to jurisdiction are present. The consent is an express one, as fully effective as if Sebago, as a nonresident plaintiff, had elected to bring a transitory action in the Vermont court. See *Howe* v. *Lisbon Savings Bank & Trust Co.*, 113 Vt. 48, 29 A.2d 816 (1943) (request for terms was held to constitute a general appearance and waiver of lack of personal jurisdiction).

Whatever Sebago's rights had they been timely asserted, the minimum contacts issue upon which the ruling below was based was not properly before the court, upon a record showing Sebago's express consent to be joined as a party defendant. It is not properly before this Court, since any ruling based upon the stipulated facts would be purely advisory. *In re Constitutionality of House Bill 88,* 115 Vt. 524, 64 A.2d 169 (1949).

*The order granting the motion to dismiss Sebago Lake Garage is reversed and the cause is remanded.*