**SEGA ENTERPRISES, INC.,**
**Respondent,**

v.

**Thomas R. BENGIMINIA d/b/a Video-Disco of Mid-America, Appellant,**

and

**Video-Disco of Mid-America, Inc., Defendant.**

**No. KCD 30471.**

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Carl E. Laurent, Independence, for appellant.

James B. Deutsch, Dowell, McNearney, Desselle & Calton, Independence, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Sega Enterprises, Inc., brought suit against Thomas Bengiminia and Video-Disco of Mid-America, Inc., on account. Attached to the petition and made a part thereof was a statement of the account showing the dates of the various transactions, the debits, credits and the balance. The balance due at the time suit was filed was $53,119.29. Bengiminia and Video-Disco failed to file any pleading and the court entered a judgment against Bengiminia for the full amount prayed and also entered judgment against Video-Disco and Bengiminia, jointly and severally, in the full amount prayed, in effect making a total judgment of $106,238.58. Bengiminia appeals from the judgment.

On this appeal Bengiminia contends there was not sufficient evidence introduced to prove the account; the return of service was improper; and the judgment is for twice the amount due. Affirmed as modified.

When Bengiminia and Video-Disco failed to file any pleading or make any appearance after being served with summons, Sega Enterprises appeared and presented testimony to prove their account. Bengiminia later filed a petition for review in the circuit court and the court dismissed that petition. No appeal has been filed from that ruling. Thereafter Bengiminia filed, with leave from this court, a late notice of appeal from the judgment in the total sum of $106,238.58.

Bengiminia first contends the judgment was entered without the presentation of substantial evidence as to the proof of the correctness of each item of the account and there was no evidence presented to show Video-Disco was liable for any part of the account. With reference to the judgment against Video-Disco, it is sufficient to say that corporation has not appealed from the judgment. Thus, there is no error preserved on behalf of Video-Disco as to the judgment against it.

█ Bengiminia's contention that insufficient evidence was introduced to support the account against him lacks any merit. There was evidence produced prior to the entry of the judgment showing the account and each item contained therein and evidence that Bengiminia was indebted to Sega in the amount of $53,119.29. Further, Bengiminia's default in failing to file any answer or make any appearance confessed the petition. *Sumpter v. Sieben Construction Company*, 492 S.W.2d 150, 153[8–11] (Mo.App.1973). The exception stated in *Sumpter* to the general rule as to unliquidated damages does not apply in this case since there was no claim for unliquidated damages.

Bengiminia next contends the court did not have personal jurisdiction over him because the return of service was not proper. Under Rule 55.27(g)(1)(B) this defense was waived when it was not raised by motion or included in a responsive pleading. *In re Marriage of Bradford,* 557 S.W.2d 720, 729[17–18] (Mo.App.1977). Not only was there a failure to raise this defense in the petition for review but the petition affirmatively stated that Bengiminia was personally served and counsel admitted as much in the hearing on the petition. Thus, there can be no doubt of a waiver of any question concerning the court's personal jurisdiction over him.

Bengiminia finally contends the judgment is erroneous because it gave judgment against Bengiminia for $53,119.29 on Count I, and against Video-Disco and Bengiminia, jointly and severally on Count II, for $53,119.29, or a total judgment against Bengiminia of $106,238.58, when only the amount of $53,119.29 was due. Sega confesses this error.

This cause is remanded with directions to correct the judgment by providing a single judgment in the amount of $53,119.29 against both Bengiminia and Video-Disco. As modified, the judgment is affirmed. Costs are to be divided equally between Sega and Bengiminia.

All concur.