A. Neil Christiansen and Mary S. Christiansen v.
David E. Capen and Barbara M. Capen

[433 A.2d 289]

No. 153-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

Motion for Reargument Denied June 18, 1981

*McNeil, Murray & Sorrell,* Burlington, for Plaintiffs.

*Kolvoord, Overton & Wilson,* Essex Junction, for Defendants.

Larrow, J. Plaintiffs below began an action seeking return of a deposit made by them under an agreement to buy real estate from the defendants, alleging inability to finance the transaction, a condition of the agreement. Service of the complaint was accepted by defendants' attorney. He filed no answer or appearance, however, and a default judgment, on motion, resulted on March 14, 1980. On March 25, he filed a motion for leave to answer out of time, and a proposed answer. On April 4, he filed a motion to set aside the judgment order under V.R.C.P. 60 (b), alleging illness on his part and unavailability on the part of the defendants, a lack of "specific authority" to accept service, and "a legitimate and bonafide [*sic*] defense," not stated. At the hearing on this motion on April 10, he did not appear, and the motion was denied. Notice of this motion was mailed April 7, and received, though not opened, by his office on April 9. The attorney was then vacationing in Florida; however, no evidence was presented below substantiating this or other claimed reasons for failure to appear at the hearing.

A notice of appeal resulted, filed April 28, purporting to appeal the ruling issued April 10.

■ Defendants argue first that the plaintiffs failed to effect service upon them. The argument is unavailing for several reasons. The issue, based upon a now claimed lack of authority to accept service, involves jurisdiction over the person, and is waived if not made by inclusion in a responsive pleading or in a motion under V.R.C.P. 12. V.R.C.P.

12(h)(1). *Robbins* v. *Matulonis,* 136 Vt. 422, 424, 392 A.2d 399, 400 (1978). It is here so waived. Moreover, the notice of appeal relates only to the April 10 order denying defendants' 60(b) motion. It could not relate back to the judgment order of March 14, because as to that judgment it was untimely, being filed more than 30 days after its entry. V.R.A.P. 4. A motion under V.R.C.P. 60(b) is not one of those enumerated motions which toll the time for filing a notice of appeal. V.R.A.P. 4.

Defendants' alternative argument, related to the April 10 order, is that the cause should be remanded to afford them a "realistic chance" to be heard on their motion and "hopefully" [*sic*] on the merits of the case. We are not told *why* this should be done; it was not requested in the trial court. Except for a letter from the attorney's partner to the assistant court clerk complaining of short notice and lack of "normal courtesies," no relief from the order complained of was sought. Beyond this, a diligent search of the record fails to give any indication of the nature of the defense claimed to exist. It was not indicated below, and it has not been briefed here. Absent such a showing, there can be no hope of prevailing on the merits. See *Kotz* v. *Kotz,* 134 Vt. 36, 41, 349 A.2d 882, 885–86 (1975). Without deciding whether the cavalier treatment of this case by the defendants' attorneys would appeal to the discretion of any court as inadvertence or excusable neglect, it is certainly true that it cannot afford relief from judgment merely to raise a nebulous and undefined defense.

*Affirmed.*