Cheryl CROUCH, Respondent,

v.

Daniel CROUCH, Appellant.

No. 63405.

Supreme Court of Missouri,
En Banc.

Nov. 9, 1982.

Randall R. Smith, Mountain Grove, John E. Price, Springfield, for appellant.

Michael Baker, Springfield, for respondent.

WELLIVER, Judge.

Appellant Daniel Crouch [1] appeals a decision overruling his motion to quash execution and garnishment following a judgment rendered against him by default. The central issue is whether a defendant, by failing to appear before entry of a default judg-

---

**1.** Appellant Daniel Crouch was designated as respondent in the original proceeding for dissolution of marriage. Respondent Cheryl Crouch was designated as petitioner. We will refer to the parties in their status on this appeal.

ment, waives his right to contest the trial court's personal jurisdiction over him.

## I

The Circuit Court of Howell County, Missouri, granted respondent Cheryl Crouch a default dissolution of marriage on January 28, 1975. Appellant had been duly served with the petition for dissolution in Fort Knox, Kentucky, but he had filed neither a motion contesting the trial court's personal jurisdiction over him nor any other responsive pleading. The decree dissolved the marriage, granted respondent custody of the parties' minor child, and, among other things, awarded respondent money judgments of $250 per month for child support, $150 per month for maintenance, $900 for her interest in jointly held real estate, and $250 for attorney's fees.

Appellant received a copy of the decree and notice of its entry, but he did not appeal. He did not pay the money judgments rendered against him. Respondent twice secured writs of execution and garnishments against appellant and received a total of $2089.03 from his military pay.

On December 29, 1978, appellant moved to vacate the portions of the decree granting respondent money judgments. He argued, among other things, that the trial court was without personal jurisdiction over him at the time it entered the decree because the parties had not lived in lawful marriage within Missouri as required by Rule 54.06(b), the long-arm provision.[2] The trial court overruled the motion without explanation. Thereafter, on November 9, 1979, respondent secured a third writ of execution and garnishment, alleging that appellant owed her $5433.15 for back child support and maintenance.

Appellant then filed the present motion to quash execution, again raising the trial

court's lack of personal jurisdiction. Appellant, without objection from respondent, presented the only testimony at the hearing on the motion to quash. He testified that he was in the United States Army when he and respondent were married in Miami, Oklahoma, on December 2, 1965. They spent three days of their honeymoon in Ft. Scott, Kansas, and then visited relatives in West Plains, Missouri, before spending four days in Springfield, Missouri, where respondent was attending college. Appellant at that time had been transferred from Fort Ord, California, to Germany, for which he left on December 21, 1965. Respondent joined appellant in Germany on May 3, 1966, and their son was born there in November 1968. They returned to Osawatomie, Kansas, in December 1968 and had their furniture and property shipped there. They visited in West Plains two days during the 1968 Christmas holidays before they moved to Tucson, Arizona, where appellant had been transferred, in January 1969. They purchased a house in Tucson, but they moved back to Germany when appellant was retransferred there in May 1971. In May 1974 they returned to Osawatomie and remained there three and one-half weeks before respondent and the parties' son went to West Plains for the summer. The parties purchased a house in Osawatomie, and respondent moved in despite marital discord; the parties had decided to separate, but appellant had been transferred to Fort Knox and thus would not be in Osawatomie. The parties' son was enrolled in school in Osawatomie, and respondent intended to rejoin appellant at Fort Knox after school was out. Respondent returned to West Plains around Thanksgiving 1974, however, and on November 29, 1974, she filed her petition for dissolution of marriage. Appellant testified that he had never lived in Missouri; that he and respondent had never lived as husband and wife in Missouri; that

2. Rule 54.06(b) provides:

Service sufficient to authorize a general judgment in personam may be obtained on any person, his executor, administrator or other legal representative, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorneys fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state.

he owned no property, paid no property taxes, and purchased no automobile license in Missouri; that he did not register to vote in Missouri; and that he had never claimed Missouri as his domicile on any of his papers. He testified that he had always claimed Osawatomie, Kansas, as his domicile.

The trial court overruled appellant's motion to quash execution. The Missouri Court of Appeals, Southern District, affirmed on the ground that appellant, by failing to appear at the dissolution proceeding, had waived his defense that the trial court had no personal jurisdiction to render the judgment against him. We ordered the case transferred, Rule 83.03, and review it as if it were on original appeal, Rule 83.09. We reverse.

## II

■■■ We first address the question whether the trial court had personal jurisdiction, for if it did there is no need to consider whether nonappearance constitutes waiver.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court held that in addition to notice,

> due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id.* at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). The inquiry focuses on whether the defendant has "such contacts ... with the state of the forum as to make it reasonable, in the context of our federal system of government, to require [him] to defend the particular suit which is brought there." *International Shoe,* 327 U.S. at 317, 66 S.Ct. at 158. *See also World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377 (Mo. banc 1979). Rule 54.06(b) mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an in personam judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have "lived in lawful marriage within this state." Nothing in the record suggests that that standard has been satisfied in this case. The most that can be said is that appellant visited Missouri on a number of occasions. Respondent argues that the four days that she and appellant spent in Springfield, where she was attending college, after their wedding are sufficient to allow the trial court to acquire personal jurisdiction over appellant. The record indicates, however, that at that time appellant had been transferred to Germany and could not have taken up residence in Missouri. His brief stay falls short of satisfying the jurisdictional prerequisite.[3]

---

**3.** Neither are we persuaded by respondent's contention that this collateral attack is barred by res judicata because it is based upon the same grounds as was appellant's prior motion to vacate the default judgment, which the trial court overruled without explanation. For res judicata to bar a subsequent action, "it must appear that the former judgment is resultant of a decision on the merits of the cause." *Heagerty v. Hawkins,* 173 S.W.2d 923, 926 (Mo.1943). *See Healy v. Atchison, T. & S.F.R.R.,* 287 S.W.2d 813, 815 (Mo.1956). In this case there are no less than three bases upon which the court could have overruled the motion to va-

cate. The court may have, as appellant's attorney stated, overruled the motion as untimely because it was filed nearly four years after entry of the judgment. *See* Rule 75.01. The court may have concluded, as did the court of appeals, that appellant had waived the defense of lack of personal jurisdiction by failing to appear at the dissolution proceedings. The court may have decided the motion on its merits. Res judicata cannot bar appellant's collateral attack, because we cannot say with assurance that the same issues already have been decided on their merits.

### III

Respondent cannot prevail unless appellant waived his right to contest the trial court's personal jurisdiction by failing to appear at the dissolution proceeding. Rule 55.27(g)(1)(B) provides that the defense of lack of personal jurisdiction, among other things, "is waived . . . if it is neither made by motion under this Rule nor included in a responsive pleading." The court of appeals concluded that appellant had waived the defense because he had filed neither a motion contesting jurisdiction nor a responsive pleading raising the issue. That conclusion, we believe, misconstrues the rule.

### A

■■■ Absent contacts with Missouri that satisfy the long-arm provision of Rule 54.06(b), the due process limitations on state power to assert jurisdiction over nonresident defendants, *see World-Wide Volkswagen,* 444 U.S. at 291–94, 100 S.Ct. at 564–565, compel the conclusion that a defendant over whom the trial court could not otherwise constitutionally acquire jurisdiction does not waive the jurisdictional defense merely by his nonappearance. Two fundamental precepts must be borne in mind. First, a personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally. *Ray v. Ray,* 330 Mo. 530, 536, 50 S.W.2d 142, 143 (1932); *Adams v. Cowles,* 95 Mo. 501, 507, 8 S.W. 711, 714 (1888). *See Gaffney v. Gaffney,* 528 S.W.2d 738, 742 (Mo.banc 1975). Second, a defendant "is always free to ignore the judicial proceedings, risk a default judgment and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* —— U.S. ——, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). Appellant, who has never "lived in lawful marriage within this state" and thus lacks the minimum contacts with Missouri necessary to sustain the trial court's assertion of personal jurisdiction, had the right, as a matter of due process, to ignore the dissolution proceedings. Were we to hold that appellant waived the personal jurisdiction defense merely by failing to appear, it would produce the anomalous result that a defendant who has the right to ignore a judicial proceeding waives that right by asserting it. Nonappearance, therefore, cannot constitute waiver. Due process requires that, in the absence of minimum contacts to support personal jurisdiction, the rule effect a waiver of the jurisdictional defense only if the defendant has already appeared before the court and has neither timely raised nor otherwise waived jurisdiction.[4]

---

4. The appearance of a defendant does not of itself constitute waiver. This is true because a defendant no longer must appear specially to preserve his objection to the court's assertion of personal jurisdiction. *See Greenwood v. Schnake,* 396 S.W.2d 723, 726 (Mo.1965); *State ex rel. Dennis v. Snodgrass,* 501 S.W.2d 553, 558 (Mo.App.1973). *See generally* Divilbiss, *Special Appearances in Missouri,* 27 Mo.L.Rev. 533 (1962). Rule 55.27(a) in relevant part allows a defendant to raise the defense of lack of personal jurisdiction in either a preanswer motion "made within the time allowed for responding to the opposing party's pleading" or in the answer itself. A defendant consequently does not forfeit his right to contest the court's personal jurisdiction merely by his voluntary appearance, even though such an appearance formerly would have been denominated as general. As does Fed.R.Civ.P. 12(b), upon which it is based, Rule 55.27(a)

permits a defendant to raise a jurisdictional defense even though his voluntary appearance has already called into existence the potential power of the court to adjudicate the merits of his controversy. The rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him the power which his appearance has given it.

*Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871, 874 (3d Cir.), *cert. denied sub nom. Orange Theatre Corp. v. Brandt,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944). Any waiver of the jurisdictional defense occurs not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. . . . [W]ithin the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance. *Id.* Waiver may occur, therefore, by either the defendant's inaction or his action. It results from a "failure to assert the defense within the time prescribed by the rules" whenever the

## B

Rule 55.27(g)(1) is identical in relevant respects to Rule 12(h)(1) of the Federal Rules of Civil Procedure, after which it was modeled. Our interpretation that Rule 55.-27(g)(1) presupposes that the defendant is before the court and has not raised the jurisdictional defense comports with the interpretation federal courts have given Rule 12(h)(1).

In *Butterworth v. Hill,* 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119 (1885), the Supreme Court held that a properly served defendant did not waive the defense of lack of personal jurisdiction merely by his nonappearance. The plaintiffs in that case had sued the commissioner of patents in a Vermont federal court. Process issued from the Vermont court, and the commissioner was properly served at his Washington, D.C., office. The governing federal statute provided that a defendant could be sued only in the district in which he resided or could be found. The commissioner acknowledged service but challenged the default judgment rendered against him on the ground that the court lacked personal jurisdiction. The Court held:

> The parties proceeded ... at their own risk and without the consent of the defendant to the jurisdiction of the court. Such being the case, we are of opinion that the court was without jurisdiction and had no authority to enter the decree which has been appealed from. The act of Congress exempts a defendant from suit in any district of which he is not an inhabitant, or in which he is not found at the time of the service of the writ. It is an exemption which he may waive, but unless waived he need not answer and will not be bound by anything which may be done against him in his absence.

*Id.* at 133, 5 S.Ct. at 798.

*Butterworth* was decided before the adoption of the federal rules in 1938. Subsequent cases interpreting the federal rules, however, have relied in part upon *Butterworth* to reach the same result. The court in *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3d Cir.), *cert. denied sub nom. Orange Theatre Corp. v. Brandt,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944), said that

> if the extraterritorial service upon the individual defendants was unauthorized and invalid it did not confer upon the district court the power to adjudicate the controversy between the parties.... The individual defendants were, therefore, entitled to ignore the whole proceeding and subsequently attack any default judgment which might result from it.... Under such circumstances the district court could acquire the power to adjudicate the controversy only if the parties voluntarily appeared. Consequently the failure of the individual defendants to assert the defense of lack of jurisdiction of their persons could not at any time before their voluntary appearance fairly be treated as a waiver of the defense nor could the twenty day period prescribed by Rule 12 for serving a motion or answer raising the defense commence to run prior to such appearance.

defendant appears and fails to raise the defense within the time allowed for pleading. Thus, if the court lacks personal jurisdiction, the defendant cannot waive the defense by nonappearance because, until he voluntarily appears, the time period allowed for serving the answer cannot begin to run. *See id.* at 873; *Zeigler v. United States,* 86 F.R.D. 703, 707 (E.D.Pa. 1980); *DiVecchio v. Gimbel Bros.,* 40 F.R.D. 311, 314 (W.D.Pa.1966); *Seman v. Pittsburgh Brewing Co.,* 25 F.R.D. 209, 210 (N.D.Ohio 1960). *See also In re Marriage of Bradford,* 557 S.W.2d 720, 729 (Mo.App.1977). Waiver may also occur before expiration of the time allowed for serving a responsive pleading if the defendant takes "action other than his voluntary appearance" in one of at least two forms. The defense is waived if the defendant fails to raise it in the same answer or preanswer motion in which he raises other threshold defenses. Rule 55.27(g)(1)(A). The defense may also be waived if the defendant takes action that is wholly inconsistent with his assertion that the trial court is without personal jurisdiction. *See, e.g., Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543 (3d Cir.1967), in which the court held that a defendant that defended during four days of hearings on a motion for a preliminary injunction to halt the misappropriation of trade secrets could not thereafter in its answer assert that the trial court lacked jurisdiction.

*Id.* at 873. In *Berlanti Construction Co. v. Republic of Cuba,* 190 F.Supp. 126 (S.D.N.Y. 1960), the defendant moved to vacate the entry of a default judgment on the ground that service of process was improper. The court concluded that it was without jurisdiction because the defendant had been improperly served, *id.* at 128–29, and, relying on *Orange Theatre,* it rejected the plaintiff's contention that the defendant had waived the defense:

> While it is true that "a party waives all defenses and objections which he does not present either by motion * * * or, if he has made no motion, in his answer or reply * * * ", it is equally certain by the phraseology of this section and the precedents interpreting the same that this rule envisages that the movant had previously appeared before the Court and failed so to move. . . .

> We find that defendant did not waive its rights to challenge the service of process by failure to move before a default was entered.

*Id.* at 129 (footnote omitted). *See also Mooney Aircraft, Inc. v. Donnelly,* 402 F.2d 400, 406 (5th Cir.1968); *United States v. Mensik,* 57 F.R.D. 125, 126–27 (M.D.Pa.1972); *DeVoto v. DeVoto,* 358 A.2d 312, 313 (D.C. 1976).

Most of the cases in which the court found a waiver involve defendants who appeared before the court and failed to raise the defense in a timely fashion. *E.g., Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697 (6th Cir.1978) (defendant filed appearance and motion to dismiss based upon statute of limitations and thereafter attempted to raise jurisdictional defense); *Bethlehem Steel Corp. v. Devers,* 389 F.2d 44 (4th Cir.1968) (defense neither raised in a motion nor pleaded in defendant's answer); *Crest Auto Supplies, Inc. v. Ero Manufacturing Co.,* 360 F.2d 896 (7th Cir.1966) (jurisdictional objection waived when omitted from answer); *Drabik v. Murphy,* 246 F.2d 408 (2d Cir.1957) (jurisdiction of person under Jones Act waived by failure to raise objection until after answer). *Cf. Zelson v. Thomforde,* 412 F.2d 56 (3d Cir.1969) (trial court erred in dismissing case on its own motion for lack of personal jurisdiction when defendant filed motion to dismiss and did not raise jurisdictional defense).

We are not unaware of cases to the contrary that hold that mere nonappearance constitutes waiver of the personal jurisdiction defense. *E.g., United Advertising Agency, Inc. v. Robb,* 391 F.Supp. 626, 632 (M.D.N.C.1975); *Thrift v. Vi-Vin Products, Inc.,* 134 Ga.App. 717, 718, 215 S.E.2d 709, 710 (1975); *Christiansen v. Capen,* 139 Vt. 591, 433 A.2d 289, 290 (1981). In view of the due process concerns discussed above, we do not find them persuasive.[5]

---

**5.** These cases state only their conclusion that nonappearance constitutes waiver and offer little or no reasoning other than the language of the rule itself. A careful reading of them demonstrates that their underpinnings are indeed tenuous. *United Advertising* held that the individual defendant had not waived the personal jurisdiction defense, and, more or less as an afterthought, added without citation of authority that because the corporate defendant "never filed a response to the complaint or otherwise pleaded or moved, the in personam jurisdictional defense is waived and this Court's default judgment is valid." 391 F.Supp. at 632. *Thrift* cited the Georgia rule and another Georgia case that with little reasoning held that nonappearance constituted a waiver of the defense of improper venue. Two other Georgia cases that rely upon *Thrift* are subject to the same criticism. *Vanguard Diversified, Inc. v. Institutional Assocs., Inc.,* 141 Ga.App. 265, 266, 233 S.E.2d 247, 247 (1977); *Echols v.*

*Dyches,* 140 Ga.App. 191, 192, 230 S.E.2d 315, 316 (1976). *Christiansen* involved apparently resident defendants whose complaint was that their attorney lacked authority to accept service of process. *Christiansen* relied upon *Robbins v. Matulonis,* 136 Vt. 422, 424, 392 A.2d 399, 400 (1978), which in turn cited *In re Stocker,* 133 Vt. 161, 163, 333 A.2d 92, 93 (1975), and *O'Brien v. Comstock Foods, Inc.,* 123 Vt. 461, 467, 194 A.2d 568, 572 (1963). *Stocker* relied upon *O'Brien,* which itself was inapposite. The holding in *O'Brien* was that there was no waiver of personal jurisdiction because the objection was properly raised in a motion to dismiss. The issue of waiver by nonappearance was not before the court, and its notation that a defendant "will be held to have waived a defense . . . only if he failed to include [it] in a motion or pleading at the time the objection was first available to him," *id.* at 467, 194 A.2d at 572, was nothing more than dictum.

## C

This is the first Missouri case to consider whether nonappearance by a nonresident defendant constitutes waiver of the personal jurisdiction defense. Other Missouri cases, however, have addressed the issue in similar situations and have reached results consistent with our holding here.

The case most closely analogous is *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (banc 1956). In that case the defendant moved to set aside a default judgment entered against it and to dismiss the action on the ground that venue was improper. One of the issues before the Court was whether the defendant, a Missouri corporation, had waived the defense of improper venue by failing to appear and allowing entry of the default judgment. The Court found that venue was improper and that the trial court thus acquired no jurisdiction over the person of the defendant. *Id.* at 1183, 295 S.W.2d at 65–66. The Court then considered the issue of waiver under § 509.340, RSMo 1949, the precursor of present Rule 55.27(g)(1), and held that the defendant had not waived the defense by its nonappearance. The Court said that

in order to waive an existing want of jurisdiction over the person of the defendant, there must be some overt act constituting a general appearance, by virtue of which the defendant submits himself or itself to the jurisdiction of the court .... In [*Lieffring v. Birt,* 154 S.W.2d 597 (Mo.App.1941)], the court referred to the requirement of a "voluntary act such as would constitute a general entry of appearance." In the present case the defendant filed only its motion raising lack of jurisdiction over it, and attacking the venue; that motion was

filed upon a special appearance, and was, we think, a proper method by which to raise these questions. We are unwilling to hold that a defendant, by merely staying out of court, for either a specified time or indefinitely, thereby waives his or its objection to the fact that no proper service has been had. In other words, when there has been no valid service, the defendant certainly waives nothing by not appearing; and not having waived anything at the expiration of 30 days after the invalid service, he certainly does not waive any defect by filing a motion, on special appearance, attacking the jurisdiction and venue after the expiration of 30 days. In short, we hold here that there was no waiver of the lack of jurisdiction over the person of defendant.... Defendant was simply not in the case at all, except by its special appearance.

*Id.* at 1184–85, 295 S.W.2d at 66. *Weinstein* involved a resident defendant who had no right not to be sued in a Missouri court. Had venue been proper there could have been no objection to the proceedings. An objection to improper venue is an objection to personal jurisdiction only in the broadest sense. Certainly the objection that the proceedings have been commenced in the wrong county is not of constitutional dimension when, as in *Weinstein,* the defendant had actual notice of the proceedings against him. In this case, however, the due process limitations on state power to assert jurisdiction over nonresident defendants are the principal concern. *Weinstein* is not inconsistent with this analysis, and to that extent it is instructive.[6]

The court of appeals relied upon *Sega Enterprises v. Bengiminia,* 589 S.W.2d 366, 368 (Mo.App.1979), and *In re Marriage of*

---

**6.** The language in *Weinstein,* however, is confusing because it resorts to the outmoded distinction between general and special appearances. The 1943 Code of Civil Procedure, which eliminated the need for special appearances, marked an "obvious and radical departure from the earlier statutes," and thus "it is surprising and confusing to find decisions which cite pre-1943 cases as setting the permissible boundaries for post-1943 jurisdictional objections." Divilbiss, *supra* note 2, at 537.

*Weinstein* is one of a number of cases in which the language is misleading. *See generally id.* at 538–39. The same result could have been achieved in *Weinstein* by properly analyzing the case as one in which the jurisdictional defense was timely raised because, with the court lacking personal jurisdiction, the time for filing a responsive pleading, and thus for raising the defense, did not begin to run until the defendant voluntarily appeared. *See* cases cited in note 4 *supra.*

*Bradford,* 557 S.W.2d 720, 729–30 (Mo.App. 1977), as authority for the proposition that appellant by his nonappearance had waived his right to contest the trial court's personal jurisdiction. The result in both cases is correct, but neither case is apposite here. In *Bradford* the respondent was before the court for the purpose of attacking venue, but he failed to raise the issue of personal jurisdiction. The defense was waived because it was not timely raised.[7] *See* note 4 *supra.* In *Bengiminia* a default judgment was rendered against the defendant who, like appellant in the present case, failed to appear. The defendant contended on appeal that the trial court had no personal jurisdiction because the return of service was improper. He had admitted in his trial court petition for a review of the default judgment, however, that he had been personally served. The court of appeals held that the "defense was waived when it was not raised by motion or included in a responsive pleading." *Bengiminia,* 589 S.W.2d at 368. Its language is misleading in view of our holding today and the holding in *Weinstein,* but its result is correct because the waiver resulted from conduct by the defendant wholly inconsistent with his assertion that the trial court was without personal jurisdiction. *See* note 4 *supra.* In the present case, unlike in both *Bradford* and *Bengiminia,* appellant has properly raised the jurisdictional issue and has taken no action that would give rise to a waiver of the defense.

## IV

The trial court in this case never had personal jurisdiction over appellant. Neither did appellant waive the jurisdictional defense by his nonappearance. Consequently, the trial court's award to respondent of child support, maintenance, payment for joint interest in real property, and attorney's fees must be vacated.[8] *Gaffney,* 528 S.W.2d at 742.

The judgment overruling appellant's motion to quash execution is reversed.

HIGGINS, J., and MORGAN, Senior Judge, concur.

DONNELLY, C.J., concurs in result.

SEILER, J., concurs in part in separate opinion filed.

RENDLEN, J., concurs in part and concurs in separate opinion of SEILER, J.

GUNN and BILLINGS, JJ., not participating because not members of the Court when cause was submitted.

SEILER, Judge, concurring in part.

I concur only with that portion of the opinion which holds that a defendant does not, by failing to appear, waive the right to contest the trial court's personal jurisdiction over him. As the principal opinion says, this is the issue in the case.

However, that portion of the opinion, commencing with footnote 4, dealing with whether a voluntary appearance by a defendant in and of itself constitutes a waiver of lack of personal jurisdiction is not necessary to the decision and should be reserved for decision where the issue is directly before the court. No such issue is presented in the case at bar. That issue is presented, however, in *State ex rel. White v. Marsh,* No. 62754, set for hearing at the January 1983 term. The *Marsh* case should not be prejudged by dicta in the present case,

---

7. *Bradford* relied upon Rule 55.27(g)(1)(B). The court could just as properly have relied upon Rule 55.27(g)(1)(A), which provides for waiver if the defendant fails to raise the defense in the same answer or preanswer motion in which he raises other threshold defenses.

8. Appellant does not, and could not, contest the validity of the dissolution of marriage itself. Section 452.305, RSMo 1978, provides that the court may enter a decree of dissolution of marriage if it finds (1) that one of the parties has been a resident of Missouri, or as a member of the armed services has been stationed in Missouri, for 90 days next preceding the commencement of the proceeding; (2) that 30 days have elapsed since the petition for dissolution was filed; and (3) that there remains no reasonable likelihood that the marriage can be preserved and that therefore the marriage is irretrievably broken. The record is sufficient to sustain the trial court's entry of a decree of dissolution of marriage.

where the issue is not presented, briefed, or argued. The defendant did not enter a general appearance or take any action constituting a voluntary appearance in the present case. Therefore, the question of what effect this has as a waiver of lack of personal jurisdiction is not before us. We should reserve a decision on that point for the *Marsh* case, where it is squarely presented.