Donald E. SMEAD and Susan C. Smead, Plaintiffs-Respondents,

v.

Lance Schuyler GRANGER, Defendant-Appellant.

No. 13542.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 27, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Donald E. Woody, Monte P. Clithero, Taylor, Stafford & Woody, Springfield, for plaintiffs-respondents.

Sandra L. Skinner, Springfield, for defendant-appellant.

PREWITT, Chief Judge.

After a default judgment was taken against defendant he filed a motion to set it aside. The trial court refused to do so and defendant appealed. By filing his motion defendant preserved a right of appeal. See *Vonsmith v. Vonsmith,* 666 S.W.2d 424

(Mo. banc), retransferred, 666 S.W.2d 426 (Mo.App.1984).

Defendant has two points relied on. We first discuss his contention that the trial court lacked jurisdiction to render the judgment because the return of service of process was defective. The return recites that defendant was served in Allegheny County, Pennsylvania by a deputy sheriff of that county. Rule 54.20(b)(1) states:

> Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer stating the time, place and manner of such service. There shall be attached to the affidavit the certificate of such judge or clerk as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made.

The return was sworn to before a notary public and no certificate by a clerk or judge as to the deputy's official character or authority was attached. Citing *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816 (Mo.App.1981), and *English v. English*, 592 S.W.2d 297 (Mo.App.1979), defendant contends that the trial court lacked jurisdiction over him because proof of service was deficient. Those cases so indicate. Plaintiffs agree that the return was defective. Their brief states they "do not contend that this return of service fully comports with the requirements of Missouri Supreme Court Rule 54.20(b)(1)", but that the defects in the return were waived by defendant.

The record does not indicate and defendant does not contend that this question was presented to the trial judge. Defendant's motion to vacate or set aside the judgment did not raise any issue as to service or the return. It stated "[t]hat plaintiffs' Petition was served upon this defendant on August 15, 1983 in Imperial, Pennsylvania where defendant resides." No mention of this contention was made at the hearing on defendant's motion.

Relying principally on *Sega Enterprises, Inc. v. Bengiminia*, 589 S.W.2d 366 (Mo. App.1979), and *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. banc 1982), plaintiffs contend that the defects were waived when service or the return were not questioned by defendant's motion to set aside the judgment or otherwise properly raised in the trial court. Based upon the supreme court's discussion of *Bengiminia* in *Crouch*, we agree that this contention was waived.

In *Bengiminia*, a default judgment was taken. Thereafter, defendant filed a petition for review. That petition was dismissed by the trial court. With leave of court, a late notice of appeal from the judgment was filed. On appeal the defendant contended that the trial court did not have personal jurisdiction over him because return of service was not proper. The court held that this contention was waived under Rule 55.27(g)(1)(B) when it was not raised by motion or included in a responsive pleading and because it was not asserted in the petition for review. That petition affirmatively stated that defendant was personally served and his counsel admitted the service in the hearing on it.

In discussing this decision in *Crouch*, the supreme court stated, 641 S.W.2d at 94:

> In *Bengiminia* a default judgment was rendered against the defendant who, like appellant in the present case, failed to appear. The defendant contended on appeal that the trial court had no personal jurisdiction because the return of service was improper. He had admitted in his trial court petition for a review of the default judgment, however, that he had been personally served. The court of appeals held that the 'defense was waived when it was not raised by motion or included in a responsive pleading.' *Bengiminia*, 589 S.W.2d at 368. Its language is misleading in view of our holding today and in *Weinstein*, but its result is correct because the waiver resulted from conduct by the defendant wholly inconsistent with his assertion that the

trial court was without personal jurisdiction.

■ Here, the defendant admitted service and did not question it or the return in the trial court, but asked for relief on other grounds. As stated in *Crouch*, defendant's conduct was "wholly inconsistent with his assertion that the trial court was without personal jurisdiction." Therefore, this contention has been waived.

■ In his other point defendant contends that the trial court erred in overruling his motion because he had exercised reasonable diligence in obtaining counsel and had ·a reasonable excuse for his default, that he had a meritorious defense, and plaintiffs would not be injured or suffer any hardship if the judgment was set aside. These are grounds generally stated as essential before a default judgment is set aside. *Sullenger v. Cooke Sales & Serv. Co.*, 646 S.W.2d 85, 89 (Mo. banc 1983); *Lester v. Dyer*, 518 S.W.2d 213, 216 (Mo.App.1974).

■ To have a reasonable excuse for allowing a default judgment to occur the party must be free from negligence. *Williams Energy Co. v. Tracy Truck Leasing*, 562 S.W.2d 765, 767 (Mo.App.1978). A default judgment will not be disturbed on appeal unless the required showing is so clearly apparent that the refusal to set the judgment aside is arbitrary. *Id.*

■ We determine that defendant did not show a reasonable excuse for allowing the case to be in default and thus do not decide whether the defendant established his other contentions under this point.

After defendant was served in Pennsylvania on August 15, 1983, he contacted an attorney there. That attorney telephoned plaintiffs' attorney, and plaintiffs' attorney agreed to extend the time for pleading to September 30, 1983. Thereafter, defendant called plaintiffs' attorney and plaintiffs' attorney agreed that defendant would have until October 7, 1983, to plead. On October 4th defendant telephoned Jack Hoke, a Springfield attorney, and asked him to represent defendant in this case.

After looking at the trial court's file, Hoke determined that there might be a conflict of interest if he represented defendant. On October 5th he telephoned defendant and informed him that he could not represent him. Hoke, the only witness at the hearing on defendant's motion, said that he reminded defendant that he had to plead by October 7th. On October 7th attorney William McDonald telephoned Hoke. Hoke was out of his office and could not recall whether he returned the call and talked about this case to McDonald on October 7th or the 11th.

A default judgment was entered on October 11, 1983. On October 25, 1983, the law office of which McDonald is a partner filed a motion to set aside the judgment on behalf of defendant. An attorney, now deceased, from a different law firm represented defendant at the hearing on the motion.

Defendant did not appear at the hearing. No attempt was made to show why defendant waited from August 15th until October 4th to contact a Missouri attorney. This delay, absent an excusable reason for it, could be negligence, particularly where the contact is from another state. At the least, the lack of explanation for this delay indicates that defendant had no reasonable excuse for waiting 50 days, until it was 3 days before the pleading deadline as it was extended. The trial court found that defendant did not establish that he had a reasonable excuse for the default. This determination appears correct.

The judgment is affirmed.

HOGAN, P.J., and MAUS, J., concur.

CROW, J., recused.