Urvashiben Nimeshbhai PATEL,
Respondent,

v.

Nimeshbhai R. PATEL, Appellant.

No. WD 74450.

Missouri Court of Appeals,
Western District.

Oct. 2, 2012.

Donald Lock, Gladstone, MO, for Appellant.

Michele Puckett–Burkhead, Cameron, MO, for Respondent.

Before JAMES EDWARD WELSH, C.J., THOMAS H. NEWTON, J., and FREDERICK P. TUCKER, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Nimeshbhai Patel (Husband) appeals the circuit court's denial of his motion to set aside a default dissolution of marriage judgment. First, he asserts that the court erred in failing to set aside the default judgment because the court lacked *in personam* jurisdiction, pursuant to section 506.500, RSMo 2000, and Rule 54.06(b), to assess child support, divide property not located in Missouri, and render money judgments against him. Second, Husband contends that the court erred in failing to set aside the default judgment because Husband established good cause for his failure to appear at the dissolution hearing. Third, Husband asserts that the court erred in failing to set aside the default judgment, which restricted Husband's visitation with his child and ordered supervised visitation, because there was no evidence to support such restriction under section 452.400, RSMo Cum.Supp.2011, and the court made no such findings. Fourth, Husband contends that the court erred in failing to set aside the default judgment and awarding sole custody of the minor child to Wife because the court failed to consider the requisite statutory factors for awarding custody, as set forth in section 452.375, RSMo Cum.Supp.2011, and, Missouri was not the home state of the child. Finally, Husband contends that the court erred in failing to set aside the default judgment because the judgment failed to properly dispose of all issues, particularly the division of marital and non-marital property. We affirm in part and reverse in part, finding the court erred in failing to set aside the default judgment in all respects except the dissolution of the marriage.

The facts and procedural history of this case, as relevant to our decision, are as follows: Husband and Urvashiben Nimeshbhai Patel (Wife) were married on January 16, 2006 in Anand, India. Thereafter, Husband and Wife resided in the state of Maryland and separated on or about October 6, 2009. After separation, Husband remained in Maryland, and Wife moved to the state of Missouri. One child was born of the marriage on February 22, 2008, and, when Husband and Wife separated, the child moved to Missouri with Wife. On March 26, 2010, Wife petitioned the court for dissolution of the marriage. Husband was personally served notice of the proceeding in the state of Maryland on March 31, 2010. On July 7, 2010, Wife sent Husband notice of a default hearing scheduled for August 13, 2010. After the default hearing, the court made a docket entry finding the jurisdictional allegations to be true,[1] dissolving the marriage and awarding sole legal and physical custody of the minor child to Wife, subject to Husband's reasonable visitation to be supervised by Wife. The court awarded, among other things, prospective child support to Wife in the amount of $360 per month and $1,800 in retroactive support. The court found that Husband and Wife's oral property settlement, as described by Wife, was not unconscionable and awarded Wife $25,000 for equity in a home located in India and $7,500 for equity in a van located in Maryland. The court awarded both the home and van to Husband. The court's judgment was filed on August 30, 2010.

On September 30, 2010, Husband moved to set aside the judgment pursuant to Rule

---

1. Wife's petition alleged that Husband was a resident of Missouri.

74.05(d). Husband's motion, among other things, argued that the court lacked personal jurisdiction because Husband had never been a resident of the state of Missouri. Husband contended that he had exercised reasonable diligence and had an excuse for his failure to appear at the dissolution hearing. On September 12, 2011, evidence was heard on the matter after proper notice to both parties. Although Wife alleged in her petition for dissolution that Husband was a resident of Missouri, she conceded at the hearing on Husband's motion to set aside the default judgment that Husband never lived in Missouri. It was also stipulated at the hearing that Wife, with the child, resided in Missouri for less than six months prior to petitioning the court for dissolution.[2] On September 20, 2011, the court denied Husband's motion without comment. Husband appeals.

Husband raises five points on appeal. Finding his first and fourth points dispositive, we need not address his second, third, and fifth points. In Husband's first point on appeal, he argues that the circuit court erred in failing to set aside the default judgment because the court lacked *in personam* jurisdiction, pursuant to section 506.500 and Rule 54.06(b), to assess child support, divide property not located in Missouri, and render money judgments against him. We agree.

■■■■ We review the circuit court's denial of a motion to set aside a default judgment under an abuse of discretion standard. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007). We will reverse the circuit court's judgment only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks our sense of justice and indicates a lack of careful consideration. *Beeman v. Beeman*, 296 S.W.3d 514, 517 (Mo.App.2009). We, however, disfavor default judgments and prefer trials on the merits. *Id.* "We are more likely to reverse the trial court's judgment when it denies the motion to set aside a default judgment as opposed to when it grants it." *Id.*

■■■■ We first note that a dissolution of marriage action involves " 'an amalgam of contractual right and status.' " *In re Marriage of Berry*, 155 S.W.3d 838, 840 (Mo. App.2005) (quoting *Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo.App.1979)). " 'Insofar as such a proceeding affects status only, the action is *in rem* or *quasi-in-rem* and requires only that the *res* be before the court upon proper notice.' " *Id.* (citations omitted). Here, Husband concedes that the court had jurisdiction to dissolve the marriage based on the court's *in rem* jurisdiction.

■■■■ " 'Insofar as the proceeding affects certain contractual aspects of the marriage ... the action is *in personam* and requires personal service or presence of the other spouse for valid judgment.' " *Id.* (citation omitted). Lack of personal jurisdiction precludes consideration of orders pertaining to maintenance, child support, attorney's fees, and division of property (not within the State). *Thompson v. Thompson*, 657 S.W.2d 629, 631 (Mo. banc 1983); *Berry*, 155 S.W.3d at 842. To obtain personal jurisdiction over a non-resident defendant, a plaintiff " 'must make a prima facie showing that 1) the cause of action arose out of an activity covered by Missouri's long-arm statute, ... and 2) the defendant had sufficient minimum contacts with Missouri to satisfy the requirements

---

**2.** Specifically, Wife stipulated that she resided in Missouri for 171 days prior to commencing the dissolution action.

of due process.' " *Berry*, 155 S.W.3d at 840 (citation omitted). Rule 54.06(b) sets forth the long-arm jurisdiction for dissolution of marriage actions. Rule 54.06(b) authorizes *in personam* jurisdiction over a person:

> [W]hether or not a citizen or resident of the state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney fees, suit money or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or the children of the marriage and is a resident of this state.

*See also* § 506.500.2. This rule "mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an *in personam* judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have 'lived in lawful marriage within this state.' " *Crouch v. Crouch*, 641 S.W.2d 86, 89 (Mo. banc 1982). "The 'sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law,' which, on appeal, this Court reviews *de novo.*" *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010) (internal citations omitted).

▅▅▅▅▅ Because Husband never lived in lawful marriage within this state, he lacked "the minimum contacts with Mis-souri necessary to sustain the trial court's assertion of personal jurisdiction...." *Crouch*, 641 S.W.2d at 90.[3] Therefore, with regard to all matters for which personal jurisdiction was required for a valid judgment, Husband merely needed to prove lack of personal jurisdiction for the court to have set aside the judgment with regard to those matters. Here, those matters included the court's child support order, division of property not within the state, and all monetary judgments against Husband. *Ketteman v. Ketteman*, 347 S.W.3d 647, 651 (Mo.App.2011). We find after *de novo* review of the jurisdictional issue that the court lacked personal jurisdiction over those matters and, therefore, the court abused its discretion in failing to set aside the default judgment regarding those issues.

Wife contends that although Husband never lived in lawful marriage in Missouri, the court may yet have personal jurisdiction pursuant to Rule 54.06(b). Wife argues that Rule 54.06(b) not only confers jurisdiction for living in lawful marriage within the state, but also if a third party has provided support to the spouse or to the children of the marriage and is a resident of the state. Wife claims that the court gained personal jurisdiction over Husband because Wife's Missouri family members provided employment for her and daycare for the minor child. We disagree. Wife's petition alleged that her "cause of action" was "for the dissolution of her marriage." As such, Husband's res-

---

**3.** While Husband moved to set aside the judgment pursuant to Rule 74.05(d), we note that where the default judgment itself is improperly entered, compliance with Rule 74.05(d) to set aside the judgment is not necessary with regard to the aspects of the judgment for which the court lacked jurisdiction. *See Mosby v. West–Anderson*, 363 S.W.3d 397, 400 (Mo.App.2012). To so require would go against the rule that, where the court lacks jurisdiction, a party waives no jurisdictional defenses merely for nonappearance at a hearing. *See Crouch*, 641 S.W.2d at 90. Husband, therefore, "had the right, as a matter of due process, to ignore the dissolution proceedings." *Id.* at 90. "[A] personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally." *Id.*

idency was required, pursuant to Rule 54.06(b), for personal jurisdiction. Jurisdiction stemming from third party support to the spouse or children contemplates, for example, causes of action arising where the third party seeks to recover monies expended to compensate for an obligated party's failure to support. This type of cause of action is separate and distinct from a dissolution of marriage action. Pursuant to Rule 54.06(c), "[o]nly causes of action arising from acts or conduct enumerated in Rule 54.06(a) or Rule 54.06(b) may be asserted against a defendant in an action in which jurisdiction is based on this Rule 54.06." Wife pled no facts in her petition even remotely suggesting that the court's jurisdiction was based on third party support, and even if she had, proof of such would not have conferred personal jurisdiction for the dissolution action.

Similarly, Wife contends that the court gained personal jurisdiction over Husband when Husband entered into an oral settlement agreement regarding the dissolution.[4] Wife argues that Rule 54.06(b) and section 506.500.1(2) confer jurisdiction on the court as to any cause of action arising from "any contract within this state." Wife contends that Husband entered into an oral settlement agreement, paid $23,000 toward that settlement and, therefore, the settlement "contract" conferred personal jurisdiction on the court. Yet, jurisdiction based on a contract stems from an attempt to enforce that contract, seek damages for breach of that contract, etc. Wife pled no purely contractual cause of action, and, even if she had, proof of such would not have conferred personal jurisdiction for the dissolution action.

■ The remaining portions of the judgment of the court, not void for lack of personal jurisdiction, include the court's award of property located within Missouri and the court's custody determination. With regard to the property, the court awarded Wife all assets in her possession. Husband claims that, in so doing, the court awarded Wife $120,000 worth of wedding gifts in the form of gold and jewelry. Because the court had no jurisdiction to award out of state property, and on remand the circuit court will be required to make a just division of all property, we set aside the division of in-state property to allow the circuit court to make an equitable division without the constraint of its prior order.

■ In his fourth point on appeal, Husband argues that the circuit court erred in failing to set aside the default judgment regarding its custody award because the court failed to consider any of the factors required in section 452.375 when awarding custody[5] and failed to require satisfaction of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) because there was no evidence

---

4. As a side, we note that we have interpreted section 452.325.1, RSMo 2000, which provides that parties in a dissolution of marriage action "may enter into a written separation agreement" to mean that, if the parties do elect to enter into a separation agreement, that agreement must be in writing. *Swank v. Swank*, 865 S.W.2d 841, 844 (Mo.App.1993). While we have also held that "an oral stipulation should be as binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the

record," here there was no oral agreement entered into in open court by the parties as Husband was neither present nor represented by counsel at the default hearing. *Carter v. Carter*, 869 S.W.2d 822, 828 (Mo.App.1994) (internal quotations and citations omitted).

5. Husband's complaints regarding the contents of the judgment are no reason to set aside the judgment. Complaints regarding the court's findings are to be addressed under 78.07(c).

that Missouri was the "home state" of the child. He also alleged error because Wife presented no evidence addressing the statutory factors and because the court lacked jurisdiction over the parties. We need only address the court's authority to proceed with the child custody determination.

In *Ketteman*, 347 S.W.3d at 655, this court concluded that "courts should make an initial determination of their statutory authority to proceed under the UCCJA[6] by express findings before proceeding to the substantive issue of custody." "[A] ruling of the court's authority that is merely conclusory or a ruling that just assumes that the court has authority, but is tacit as to the factual basis for that adjudication, does not meet the objectives of the UCCJA." *Id.* We need not reverse, however, if "this court is able to determine from the factual record that the circuit court had the authority to proceed under the UCCJA and to determine the child custody issue[.]" *Id.* We are unable to make such a determination here.

 Wife's petition alleged no basis for the court's authority to make an initial child custody determination pursuant to section 452.740 of the UCCJEA. Wife's petition merely alleged that the child's best interests would be served if Wife was granted sole legal and physical custody of the child and Husband afforded reasonable rights of supervised visitation. While the court granted Wife's request for sole cus-

tody and granted husband only supervised visitation, the court failed to delineate its authority for awarding custody and we find no evidence in the record supporting such authority. Section 452.740.1(1) of the UCCJEA authorizes a court of this state to make an initial custody determination if Missouri is the home state of the child. In order for Missouri to be the home state of the child, the child must have lived in Missouri for at least six months immediately prior to the commencement of the custody proceeding. § 452.705(8), RSMo Cum.Supp.2011. At the hearing on Husband's motion to set aside the default judgment, the parties stipulated that Wife, who had physical custody of the child since Husband and Wife separated, resided in the state of Missouri less than six months prior to commencement of the custody proceeding. Therefore, Missouri was not the home state of the child and the aforementioned stipulation in the hearing to set aside the default judgment put the court on notice of that fact. As we find nothing to support the court's authority under the UCCJEA to award custody and the court made no express findings as to its statutory authority to proceed under the UCCJEA on other grounds,[7] we presume that it had none.[8]

We, therefore, conclude that the circuit court abused its discretion in failing to set aside the default judgment. Although the court had jurisdiction over the status of

---

6. In 2009, H.B. No. 481, § A, repealed the Uniform Child Custody Jurisdiction Act, consisting of sections 452.440 to 452.550, and adopted the Uniform Child Custody Jurisdiction and Enforcement Act, consisting of sections 452.700 to 452.930, effective August 28, 2009. The statutory modifications are irrelevant to this discussion.

7. Such as by default, emergency, or the child having a significant connection with the state. See *Hightower v. Myers*, 304 S.W.3d 727, 732 (Mo. banc 2010).

8. Additionally, "[o]ur distaste for default judgments is even stronger in dissolution cases involving child custody issues." *Beeman*, 296 S.W.3d at 517 (citations omitted). The child's welfare is our primary concern when child custody is concerned. *Id.* "Thus, because the adversarial process is stronger protection for the child's interest, we strongly disfavor default judgments in cases regarding the custody of a child." *Id.*

the marriage, it did not have personal jurisdiction over Husband to adjudicate and subject him to an *in personam* judgment for child support, division of marital property, and monetary judgments. Additionally, the court abused its discretion in failing to set aside its child custody determination because the court lacked the statutory authority to adjudicate custody. As there is no contest with regard to the court's dissolution of the marriage, we find the court erred in failing to set aside the default judgment in all respects except for the dissolution of the marriage. This cause is remanded to the circuit court for further proceedings consistent with our opinion.

All concur.