

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| FALLON R. NESTLE, | ) | No. ED100902 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | 13WA-CC00416 |
| | ) | |
| BRANDON E. JOHNS, | ) | Honorable Troy K. Hyde |
| | ) | |
| Appellant. | ) | Filed: January 20, 2015 |

Brandon E. Johns ("Father") appeals the denial of his motion to set aside default

judgment registering the foreign judgment of Fallon R. Nestle ("Mother") from the state of New

York concerning the custody of their child ("Child"). We affirm.

### I.        BACKGROUND

This case has a complex factual and procedural history. Child was born out of wedlock

to Mother and Father on February 27, 2009 in the state of New York. On July 15, 2009, Mother,

Father and Child moved to St. Louis County, Missouri and began living in the home of Father's

grandmother. On December 16, 2009, approximately five months later, Mother took Child back

to New York, but did not tell Father they were not returning to Missouri. Father continued to

live in Missouri. Shortly thereafter, Father learned that Mother would not be returning to

Missouri with Child.

On March 31, 2010, Father filed a petition for paternity and custody of Child in the Circuit Court of St. Louis County ("the St. Louis County court"), however, Father was unable to serve Mother with the petition until almost one year later. Mother failed to appear for any of the scheduled hearings, and, on July 12, 2011, the St. Louis County court entered a default judgment awarding Father full custody of Child with supervised visitation to Mother ("the Missouri custody judgment"). Father traveled to New York and presented the Missouri custody judgment to Mother demanding Child return to Missouri, and Mother refused to comply. On August 22, 2011, Father filed a petition to register the Missouri custody judgment in the Family Court of the State of New York, County of Montgomery ("the New York court") pursuant to the terms of the Uniform Child Custody Jurisdiction and Enforcement Act ("U.C.C.J.E.A.").[1] However, before Father's petition to register the Missouri custody judgment was adjudicated, on October 3, 2011, Mother filed her own petition for custody of Child in the New York Court and in November of 2011, Mother filed a motion to modify the Missouri custody judgment in the New York court. The New York court consolidated all actions.

While the consolidated cases were pending, the New York court made repeated attempts to contact the St. Louis County court regarding the Missouri custody judgment.[2] Specifically, the New York court asserted in its communications that New York, not Missouri, had the authority to make the initial child custody determination. The New York court requested further

---

[1] Both Missouri and New York have adopted the U.C.C.J.E.A. in nearly identical terms. Section 452.700 RSMo Supp. 2010 *et seq.*; New York Domestic Relations Law section 75 (2002) *et seq.*
[2] The U.C.C.J.E.A. imposes a duty on courts from different states to communicate with each other regarding simultaneous proceedings. Section 452.730 RSMo Supp. 2010; New York Domestic Relations Law section 75-i (2007).

information regarding the basis for Missouri jurisdiction,[3] or, in the alternative, that the St. Louis County court set aside the Missouri custody judgment so the matter could proceed in New York. The St. Louis County court did not respond to the New York court's communications.

On April 25, 2012, the New York court took up the initial question of the validity and effect of the prior Missouri custody judgment with both Mother and Father participating. The New York court's Jurisdictional Order provides it is:

> ORDERED, the New York State retains jurisdiction of the subject child . . . as she was born and resides within New York State, and it is further
>
> ORDERED, that any order with regard to the subject child . . . made outside of New York State shall be null and void[.]

On May 8, 2012, the New York court addressed the remaining issues in the case by entering a judgment with the consent of the parties granting Mother physical custody of Child and granting Father a set schedule of parental time ("the New York custody judgment").

In October 2013, when Father had scheduled parental time, he took Child back to Missouri and told Mother he was not returning Child to New York, in violation of the terms of the New York custody judgment. Mother traveled to Missouri and filed a petition to register the New York custody judgment in the Circuit Court of Washington County ("the trial court") as a foreign judgment. Father was served with the petition but did not file a timely response. As a result, the trial court entered a default judgment registering the New York custody judgment ("the default judgment"). Subsequently, Father filed a motion to set aside the default judgment. A hearing was held and the trial court denied Father's motion with written findings of fact and

---

[3] Ordinarily, Missouri law does not recognize limitations on the jurisdictional competence of the courts to hear cases. *J.C.W. ex rel. Webb. v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). When a statute speaks in jurisdictional terms, it is properly read as merely setting limits on remedies or elements of claims that courts may grant. *Id.* at 255. We use the term "jurisdiction" in this case because the statutes in question use it, and we interpret it in the sense stated in *Webb*.

conclusions of law, finding that Father did not present a meritorious claim. This appeal followed.

## II. DISCUSSION

In his sole point on appeal, Father asserts that the trial court erred in denying his motion to set aside the default judgment because the Missouri custody judgment granting him custody of the Child remained in effect establishing a meritorious defense to the registration of the foreign judgment. We disagree.

Rule 74.05[4] provides for an independent action through which a default judgment may be set aside if the moving party presents facts demonstrating a meritorious underlying claim and good cause for the default. Rule 74.05(d); *McGee ex. rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 585 (Mo. App. E.D. 2013). We review a trial court's decision on a motion to set aside a default judgment for abuse of discretion. *McGee*, 405 S.W.3d at 585. A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful consideration. *Doyle v. Fluor Corp.*, 400 S.W.3d 316, 324 (Mo. App. E.D. 2013).

The Missouri custody judgment and the New York custody judgment govern the same subject matter, the custody of Child, but the competing judgments arrive at opposite conclusions.[5] As a general rule, a judgment's validity may only be reversed by formal appeal, "the sole object of which is to deny and disprove" the judgment. *Travis v. Contico Intern., Inc.*, 928 S.W.2d 367, 369 (Mo. App. E.D. 1996) (quotations omitted). Thus, where two judgments address the same subject matter with opposite results, and the first judgment is not appealed,

---

[4] All references to Rules are to Missouri Supreme Court Rules (2014).

[5] Mother also filed a motion to modify the Missouri custody judgment in New York. However, the New York court presented its judgment as an original custody judgment nullifying the Missouri custody judgment. It did not frame its ruling as a modification or address the motion to modify in its order.

4

ordinarily the first judgment controls. *Curia v. St. Louis County*, 645 S.W.2d 137, 138 (Mo. App. E.D. 1982).

However, Mother never appealed the Missouri custody judgment in this case, and the action in New York functions as a collateral attack on the validity of the Missouri custody judgment. Collateral attacks "are attempts to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment." *Travis*, 928 S.W.2d at 369 (quotations omitted).

Typically, collateral attacks on final judgments are impermissible, but the rule prohibiting collateral attacks does not apply where the original judgment is void. *J.L.M. v. R.L.C., Jr.*, 132 S.W.3d 279, 284 (Mo. App. W.D. 2004). "A judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time *in any proceeding* in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts." *Travis*, 928 S.W.2d at 370 (quoting *La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo. 1955)) (emphasis in original). A judgment is void if the issuing court does not have subject matter jurisdiction, personal jurisdiction, or jurisdiction to render a particular judgment in a particular case. *Id.*

The U.C.C.J.E.A. provides that the courts of a state have jurisdiction to make an initial child custody determination if the state is the home state of the child at the commencement of the proceedings or was the home state within six months before the commencement of the proceeding, and the child is absent from the state but a parent continues to live in the state. Section 452.740.1(1) RSMo Supp. 2010; New York Domestic Law section 76.1(a) (2002).[6] Further, the U.C.C.J.E.A. defines "home state" as:

---

[6] This section also lists other conditions under which a court may exercise jurisdiction over a child custody case, but those conditions were not raised in the instant case.

> [T]he state in which a child has lived with a parent or a person acting as a parent for at least six consecutive months immediately prior to the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child has lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of such period[.]

Section 452.705.8 RSMo Supp. 2010; New York Domestic Law section 75-a(7) (2002).

Father faces an uphill climb in establishing that Missouri was the appropriate state for the initial custody determination. The Western District addressed a similar issue in *Patel v. Patel*, 380 S.W.3d 625 (Mo. App. W.D. 2012). In that case, a child was born to a husband and wife in the state of Maryland. *Id*. at 628. The wife moved with the child to Missouri, and after five months petitioned for divorce and child custody. *Id*. The husband failed to appear and the trial court entered a default custody judgment in favor of the wife. *Id*. On appeal, the Western District held that a Missouri court did not have statutory authority to enter a default child custody judgment because the child lived in Missouri for less than six months prior to the commencement of the custody action. *Id*. at 630-31; Section 452.740.1(1) RSMo Supp. 2010; New York Domestic Law section 76.1(a) (2002) (providing when a state has initial jurisdiction over an initial child custody determination).

The circumstances tilt even farther in Mother's favor here. When Father filed his initial petition for custody in Missouri, Child had only lived in the state for five months of his thirteen month old life, while living in New York for the first five months after his birth and the latter three months following Mother's return. By the time Mother was served with Father's Missouri petition, Child had lived in New York for fifteen consecutive months and had lived in New York for twenty months of his twenty-five month life. At the time of the Missouri custody judgment, three more months had passed, with Child living in New York eighteen consecutive months and for a total of twenty-three months by the time he was aged two-and-a-half years.

6

Moreover, considering twelve months elapsed between the filing of Father's petition and service upon Mother, Child's connection to New York had grown stronger and the connection to Missouri had weakened. At the time of entry of the Missouri custody judgment, another three months had passed, with Child residing in New York for eighteen consecutive months, clearly and firmly meeting the definition of home state and the criteria for an initial custody determination. Section 452.740; section 452.705.8; *Patel*, 380 S.W.3d at 630-31.

Furthermore, additional factors raise questions regarding the validity of the Missouri custody judgment. After Mother filed her own petition for custody, the New York court attempted to investigate the appropriate court for hearing the case by contacting the St. Louis County court. *See* Section 452.730 RSMo; New York Domestic Relations Law section 75-i. The New York court received no response from its inquiries to the St. Louis County court and issued its Jurisdictional Order on April 25, 2012, expressly finding New York to be the appropriate state for the initial custody determination and any other state's custody judgment to be "null and void." Additionally, Father actively participated in the New York litigation and consented to the subsequent issuance of the New York custody judgment dated May 8, 2012, granting Mother custody and parenting time to Father. At that time, Child was thirty-eight months old, had lived in New York for twenty-eight consecutive months and a total of thirty-three months, compared to just five months in Missouri. Under these circumstances, the collateral attack on the Missouri custody judgment in New York was appropriate. *See Travis*, 928 S.W.2d at 370.

Therefore, in light of the foregoing, we cannot say that the trial court abused its discretion in finding Father did not state a meritorious claim in his motion to set aside the default judgment. Rule 74.05(d); *McGee*, 405 S.W.3d at 585.

7

### III. CONCLUSION

The trial court's decision denying Father's motion to set aside the default judgment is affirmed.

_____
ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.

8