

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SUSAN BALL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD83640 |
| | ) | |
| ROBERT K. BALL, II, | ) | Opinion filed: November 16, 2021 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE GEORGE E. WOLF, III, JUDGE**

Division One: W. Douglas Thomson, Presiding Judge,
Alok Ahuja, Judge and Karen King Mitchell, Judge

Robert K. Ball, II ("Husband") appeals the trial court's judgment and decree of dissolution of marriage. On appeal, Husband claims the trial court erred in entering the judgment because: (1) it lacked personal jurisdiction in that his counsel's special appearance to challenge personal jurisdiction and request a continuance was not a submission to the personal jurisdiction of the court; and (2) it had no authority to divide any property or debt because it did not have personal jurisdiction. We affirm.

## Factual and Procedural History

On April 4, 2019, Susan Ball ("Wife"), 83 years old, filed a petition for dissolution of her twenty-six-year marriage to Husband, 81 years old. Wife sought the appointment of a private process server, which was sustained. Two private process servers were hired by Wife but neither were successful in establishing contact with Husband. The private process servers filed affidavits of non-service stating they were each unable to establish contact with Husband after attempting service numerous times at his last known address and four other addresses associated with him.

On May 22, 2019, Wife filed a motion for service by publication, citing the failed attempts of service. Wife's motion was sustained and a notice upon order for service by publication was issued. On June 19, 2019, Wife submitted a case management statement to the trial court in anticipation of the case management conference, which stated in pertinent part:

> Service: After numerous failed service attempts on Respondent, an Order for Service by Publication was entered by the Court on May 23, 2019. The Notice of Order of Publication was first published in the Daily Record Kansas City on June 5, 2019 and will be published for three (3) additional weeks thereafter pursuant to Mo. Ann. Stat. §506.150 and Missouri Supreme Court Rule 54.12. If Respondent does not file an Answer or enter his appearance in the time prescribed, Petitioner will move for Default Judgment against Respondent.

The case management conference was held on June 27, 2019, at which Wife appeared through counsel and Husband did not appear. The trial court issued a scheduling order, notice of pretrial conference and notice of bench trial on August 26, 2019. The court mailed notice to two addresses for Husband but both mailings were returned to the court citing "insufficient address unable to forward."

On August 12, 2019, Wife filed a motion for default judgment against Husband alleging he failed to file an answer within the time prescribed. On the August 26, 2019 trial date, Husband filed a motion entitled, "Motion for dismissal for lack of jurisdiction, and/or in the alternative, improper venue and motion for continuance and additional time to enter and file pleadings," and appeared through counsel at the hearing. The motion states:

> Comes Now Theodore D. Barnes, Attorney at Law, and specially enters his appearance for the sole and limited reasons set forth in this Motion for the Respondent, Robert K. Ball II.
>
> Respondent states in support of this Motion as follows:
>
> 1.) That Neither party presently reside in Jackson County, Missouri.
>
> 2.) That Respondent is a licensed lawyer in the State of Missouri.
>
> 3.) That Respondent has been out of the country in Southeast Asia.
>
> 4.) That Petitioner's son, Stephen Bergman has the Respondent's e-mail address and the only pleadings in the above matter provided to Respondent was the Motion by Petitioner For this Default Court Date.
>
> 5.) That Respondent has a son in Southeast Asia who is employed there.
>
> 6.) That Respondent will be returning to the USA and the State of Missouri on October 25, 2019.

7.) That Respondent will engage a Domestic Relations and Family Attorney to Represent Respondent upon his return to the USA.

8.) That Respondent while in Southeast Asia has been ill and without funds due to his accounts being closed and taken by the Petitioner and her son, a Maryland lawyer.

9.) That Respondent needs and requests that the above Default Hearing scheduled today [sic] continued until his return on October 25, 2019.

10.) That Stephen Bergman has been in contact with Respondent and yet did not cause to be provided to Respondent proper Notice of pleadings.

11.) Publication was not a proper Notice to Respondent because Petitioner was aware of Respondents whereabouts and Personal Service should have been provided to Respondent.

12.) That Respondent is 82 years of age.

WHEREFORE, Respondent prays that the above Motion contesting Jurisdiction, Venue and in the alternative, Requesting a Continuance be granted and for such other and further relief as this Honorable Court deems Just and proper in the Circumstances.

During the hearing, Husband's counsel stated that he was appearing "specially" and "requesting, amongst other things, a continuance in this matter until [Husband] returns from out of the country so that he can get involved." Wife's counsel asserted that they had provided notice of this case to Husband via email since May notifying him that they had attempted service on him numerous times, obtained a court order for publication, and included copies of the pleadings filed.[1] When asked what the

---

[1]Although Wife's counsel referenced Exhibits 8 and 9 at the hearing reflecting these emails to Husband, in the record on appeal, the emails are found in Exhibit A to Wife's response to Husband's motion.

4

basis was for his assertion that neither party resides in Jackson County, Husband's

counsel responded that the parties' condominium was for sale and he was advised it

was vacant. Wife's counsel asserted that the jurisdictional requirement is that Wife

resided in Jackson County for 90 days preceding the filing of the petition, which she

did.[2] Wife asserted "jurisdiction and venue are proper in this court, and this is just a

stall tactic by respondent at the eleventh hour to give him time." In response,

Husband's counsel stated that justice requires that Husband have time and asserted

that Husband has numerous health issues. Notably, in response to Wife's assertion

that jurisdiction and venue were proper, Husband's counsel offered no argument to

counter her assertions, he only requested a continuance. Regarding personal

jurisdiction, the following exchange took place between the trial court and Husband's

counsel:

> Trial court: [I]t appears that the respondent has now appeared and is submitting to the jurisdiction of the Court, at least with respect to personal jurisdiction.
>
> . . . .
>
> Counsel: Mine was a special limited appearance.
>
> Trial court: That's your appearance, but you're asking me to –
>
> Counsel: Set the thing over so he can hire his own lawyer.
>
> Trial court: Exactly. So by doing that, he's submitting to the personal jurisdiction of the Court. Done.
>
> Counsel: Well, then he should be allowed some time.

---

[2]Per section 452.305.1(1), a trial court lacks authority to adjudicate an action for dissolution of marriage if neither party resided in state for 90 days preceding commencement of action. *Groh v. Groh*, 910 S.W.2d 747 (Mo. App. W.D. 1995).

Trial court:   To do what?

Counsel:   File responses and respond to the situation.

Trial court:   Okay, but he's submitted to the—he's submitted—

Counsel:   If that's the Court's ruling—I don't necessarily agree with it, but—

Trial court:   Well, how can it not be? You're asking me to take action.

Counsel:   If you ask in there—I've asked for a special appearance—

Trial court:   I know you've asked for that, but you've also asked for a continuance.

Counsel:   For a limited purpose. So that he can respond properly to all the issues in there. That was it. But if the Court finds that, that's fine, as long as he gets time to get back her[e], because that was his intent anyhow.

The trial court issued a scheduling and pretrial order reflecting that Husband and Wife each appeared by counsel; granting Husband's motion for continuance and additional time to file pleadings; resetting the case for bench trial on November 26, 2019; and setting a case management conference on October 31, 2019. The trial court denied Husband's motion to dismiss and stated, "[Husband] shall file and serve an answer to [Wife's] Petition for Dissolution of Marriage on or before October 30, 2019." Husband never filed an answer to Wife's Petition. No discovery occurred between the parties, but Wife issued subpoenas to two financial institutions to obtain information regarding marital accounts.

On the November 26, 2019 trial date, Wife appeared in person and through counsel. Husband failed to appear. After a hearing, the trial court entered a

6

judgment and decree of dissolution of marriage ("the Judgment"). In the Judgment, the trial court found, in pertinent part:

1. The Court has jurisdiction of the parties and subject matter here in.

2. Petitioner was a resident of Jackson County, Missouri for at least ninety (90) days immediately preceding the filing of her verified Petition for Dissolution of Marriage, residing at 4545 Wornall Road Apt. 1110 Kansas City, MO 64111.

3. Respondent was served by publication pursuant to Mo. Ann. Stat. §506.160 and Missouri Supreme Court Rule 54.12 and failed to file an Answer within the requisite period of time. An Affidavit of Publication was filed with the Court on August 22, 2019. Subsequently, at the Pre-Trial Conference on August 26, 2019, counsel Ted Barnes entered his limited appearance on behalf of Respondent. The Court found that based on counsel requesting the Court take action to continue the hearing, Respondent had submitted to the jurisdiction of the Court. Pursuant to the Order Denying Respondent's Motion to Dismiss, Respondent had until October 30, 2019 to file and serve an Answer to Petitioner's Petition for Dissolution of Marriage. Respondent has not filed an Answer and is therefore in default.

. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED Respondent was properly served pursuant to RSMo. §506.160 and Missouri Supreme Court Rule 54.12, submitted to the jurisdiction of this Court on August 26, 2019, and has failed to file an Answer and is, therefore, in default[.]

On December 30, 2019, Husband, by different counsel appearing specially, filed a motion to dismiss and/or reconsider judgment and decree of dissolution of marriage asserting he did not waive jurisdiction and Wife lacks capacity to proceed without appointment of a guardian ad litem or next friend because she suffers from Alzheimer's disease. Wife filed a response in opposition. On February 25, 2020, the

trial court entered an "Omnibus Order" denying Husband's motion to dismiss or reconsider and Wife's motion to quash.

Following a series of post-trial motions,[3] Husband timely filed his notice of appeal on March 5, 2020.

## Standard of Review

A circuit court's determination of personal jurisdiction is a legal conclusion subject to *de novo* review. *Johnson v. Riley*, 573 S.W.3d 119, 123 (Mo. App. W.D. 2019) (citation omitted). "We defer to the circuit court's factual findings and will reverse the judgment only if it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Hope's Windows, Inc. v. McClain*, 394 S.W.3d 478, 481 (Mo. App. W.D. 2013) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

---

[3]Among other motions filed, on February 21, 2020, Wife filed a motion for contempt in which she alleged that on October 4, 2019, *after his counsel secured a continuance in the dissolution proceeding*, Husband obtained an order from a Colorado District Court approving the assignment to him of the Pacific Life Annuity Contract for $200,985.81. On February 27, 2020, the trial court entered an order which directed Husband to appear and show cause why he should not be held in contempt of court for such actions. Attempts to serve Husband with the order to show cause were unsuccessful. On May 1, 2020, the trial court issued another order to show cause, adding Husband's appellate counsel to the list of addresses. Service was unsuccessful. The affidavit of non-service reflects Husband's appellate counsel refused service stating he cannot accept service as it would be an admission of knowing where his client is and he does not. On June 18, 2020, August 25, 2020, and December 11, 2020, additional orders to appear and show cause were issued by the trial court.

*Point I*

In Point I, Husband asserts the trial court erred in entering the Judgment against him because the trial court lacked personal jurisdiction in that his counsel's special appearance to challenge personal jurisdiction, improper venue, and request a continuance was not a submission to the personal jurisdiction of the court. We disagree.

"[A] dissolution of marriage action involves 'an amalgam of contractual right and status.'" *Patel v. Patel*, 380 S.W.3d 625, 628 (Mo. App. W.D. 2012) (citation omitted). "'Insofar as such a proceeding affects status only, the action is *in rem* or *quasi-in-rem* and requires only that the *res* be before the court upon proper notice.'" *Id.* (citation omitted). "'Insofar as the proceeding affects certain contractual aspects of the marriage . . . the action is *in personam* and requires personal service or presence of the other spouse for valid judgment.'" *Id.* (emphasis added) (citation omitted). "Lack of personal jurisdiction precludes consideration of orders pertaining to maintenance, child support, attorney's fees; and division of property (not within the State)." *Id.*

---

[4]Preliminarily, Wife argues that we lack jurisdiction to hear this appeal because Husband failed to timely file his appeal. In support of this argument, Wife incorrectly relies on an earlier version of Rule 73.01 which stated that a party in has 15 days from judgment entry after a bench trial in which to file a motion for new trial or to amend the judgment. However, Rule 73.01 was amended in 1993, changing the time requirement to thirty days. Rule 73.01(d) now directs the procedure of filing of such a motion to Rule 78.04, which provides that such a motion be filed not later than 30 days after judgment entry. *See also Developers Surety and Indemnity Co. v. Woods of Somerset, LLC*, 455 S.W.3d 487, 491 (Mo. App. W.D. 2015) (after trial motion timely if within 30 day time period following entry of a judgment in bench trial citing Rule 78.04).

Here, due to unsuccessful attempts of personal service on Husband, service was effected by publication. However, "[s]ervice by publication will not support an *in personam* judgment unless the party sought to be subjected thereto has otherwise voluntarily entered his appearance." *Bueneman v. Zykan*, 52 S.W.3d 49, 58 (Mo. App. E.D. 2001).

> '[P]ersonal jurisdiction refers . . . to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests.' *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). '[W]hen a court says that it lacks personal jurisdiction, it means simply that the constitutional principle of due process bars it from affecting the rights and interests of a particular person, whether such a person be an individual or an entity such as a corporation.' *Id.* 'Only by service of process authorized by statute or rule (or by appearance) can a court obtain jurisdiction to adjudicate the rights of a defendant.' *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). A defendant must raise any challenges to the trial court's personal jurisdiction, the sufficiency of process, and the sufficiency of service of process in either a pre-answer motion or as a defense in the answer. Rule 55.27(g)(1); *Worley*, 19 S.W.3d at 129. The failure to raise these issues at the first opportunity results in waiver of any challenges to the trial court's personal jurisdiction, the sufficiency of process, and the sufficiency of service of process. Rule 55.27(g)(1); *see also Stiens v. Stiens*, 231 S.W.3d 195, 199 (Mo. App. W.D. 2007).

*Int. of A.R.B.*, 586 S.W.3d 846, 859 (Mo. App. W.D. 2019).

After having been served by publication, Husband then appeared by counsel at the trial date and filed a motion entitled, "Motion for dismissal for lack of jurisdiction, and/or in the alternative, improper venue and motion for continuance and additional time to enter and file pleadings." Although Husband claims this motion raised the defense of lack of personal jurisdiction as required by Rule 55.27, we find the motion failed to properly plead the defense.

10

"Missouri courts employ a two-step analysis to evaluate personal jurisdiction." *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010). "First, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute, section 506.500. If so, the court next evaluates whether the defendant has sufficient minimum contact with Missouri such that asserting personal jurisdiction over the defendant comports with due process." *Id.* "'Proper service of process is a prerequisite to personal jurisdiction.'" *Williams v. Zellers*, 611 S.W.3d 357, 364 (Mo. App. E.D. 2020) (citation omitted).

Here, it is unclear whether, and on what basis, Husband challenged personal jurisdiction in his "Motion for dismissal." Husband's motion fails to plead the specific facts required to establish a lack of personal jurisdiction and it fails to adequately raise the alleged defense. Thus, an asserted lack of personal jurisdiction is not preserved for our review. No rule, statute, or legal authority is cited. Husband's motion does not specify what jurisdiction he is challenging. The motion does not even use the words "personal jurisdiction" or "*in personam* jurisdiction." The only allegations made in motion that seemingly relate to a challenge of jurisdiction are the following paragraphs:

> (1) That [n]either party presently reside in Jackson County, Missouri.

> (11) Publication was not a proper [n]otice to [Husband] because [Wife] was aware of [Husband's] whereabouts and [p]ersonal [s]ervice should have been provided to [Husband].

Husband fails to explain his challenge in terms of the long arm statute or minimum contacts. The purported fact that neither party resides in *Jackson County*, Missouri

11

does not establish a lack of personal jurisdiction in the Missouri state courts (although it could arguably support a claim of improper venue). Moreover, a bare assertion that Wife knew Husband's whereabouts is insufficient to claim improper service of process.

Further, the transcript of the hearing from the trial date reveals that this defense was all but abandoned by Husband's counsel. "The general rule is that a party may waive or abandon a motion by failing to proceed with it." *Shapiro v. Brown*, 979 S.W.2d 526, 529 (Mo. App. E.D. 1998). When the trial court indicated that it found Husband had submitted to the court's jurisdiction by requesting a continuance, thereby waiving his defense of lack of personal jurisdiction, Husband's counsel offered no argument or support for the defense. Instead, Husband's counsel replied, "But if the Court finds that, *that's fine, as long as he gets time to get back here, because that was his intent anyhow*." (Emphasis added).

It is evident that the primary purpose of Husband's "Motion for dismissal" was not to challenge the circuit court's personal jurisdiction, but instead to obtain additional time to respond to Wife's petition. The bulk of Husband's motion explains to the trial court that Husband was out of the country but intends to return, hire an attorney, and respond to the dissolution proceeding. Likewise, at the hearing, Husband's counsel stated, "But if the Court finds that, that's fine, as long as he gets time to get back here, because that was his intent anyhow," and the court gave him exactly what he asked for—more time. Husband was to be back on October 26. The court set the trial for a month later, November 26. And, to make sure all was ready

12

for trial, the court set a case management conference on October 31, after Husband's designated date to be back in the country.

Husband failed to properly plead the defense of lack of personal jurisdiction in his initial response to Wife's petition.

Point I is denied.

*Point II*

In Point II, Husband claims the trial court did not have authority to divide any property or debt because the trial court had no personal jurisdiction.

This point fails in light of our determination in Point I that Husband failed to properly challenge personal jurisdiction.

Point II is denied.

## Conclusion

We affirm the trial court's judgment.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

13