

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ANGELA CHRISTINE WILSON, )
            )
       Respondent, )
            )
v. )        WD85210
            )
CHRISTOPHER DARNELL WILSON, )       Filed: April 18, 2023
            )
       Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Janette K. Rodecap, Judge

Before Division Two: Edward R. Ardini, Jr., Presiding Judge,
Lisa White Hardwick, Judge, and Karen King Mitchell, Judge

Christopher Wilson ("Husband") appeals the circuit court's default judgment dissolving his marriage to Angela Wilson ("Wife") and the denial of his motion to set aside the default judgment. Husband contends the court lacked personal jurisdiction over him and, therefore, erred in entering the judgment and in denying his motion to set aside the judgment. For reasons explained herein, we affirm, in part, reverse, in part, and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

Husband and Wife were married in January 2015. In July 2021, Wife filed a petition for dissolution of marriage in the Circuit Court of Jackson County. In her

petition, Wife alleged that she and Husband had been residents of Missouri for more than 90 days preceding the filing of the petition. She further alleged that she was currently a resident of Jackson County and Husband was currently a resident of St. Clair County, Illinois. A special process server was appointed, and Husband was personally served at his Illinois home on July 13, 2021.

The court set the case for hearing on September 13, 2021. Before the scheduled hearing, Wife filed a motion requesting that the court set the matter for a default hearing. Wife noted it had been more than 30 days since Husband had been duly served, counsel for Husband had failed to enter his appearance in the case, and Husband had failed to file a responsive pleading.

After Wife requested a continuance, the hearing was rescheduled for November 29, 2021. On that day, the court held an uncontested dissolution hearing. Neither Husband nor his counsel appeared. The court entered a judgment dissolving the parties' marriage, restoring Wife's maiden name, awarding no maintenance to either party, ordering both parties to pay their own attorney's fees, classifying their property as marital or non-marital, and dividing their marital assets and debts. In particular, the court awarded: (1) Wife the home in Missouri and Husband the home in Illinois; (2) each party a vehicle; (3) Wife one bank account and Husband any accounts in his name; (4) each party their own retirement accounts; and (5) Wife $10,000 of any award Husband recovers in his pending unlawful termination lawsuit in Arizona against his former employer and Husband any amount of the award in excess of $10,000. The court also awarded, apparently erroneously, each party 100% of the personal property in the *other*

2

party's possession. In dividing the parties' debts, the court ordered: (1) each party to pay one-half of their 2020 federal tax lien; (2) Wife to pay the mortgage on the Missouri home and Husband to pay the mortgage on the Illinois home; (3) each party to pay certain loans and unsecured debts.

On December 21, 2021, Husband's counsel filed a limited entry of appearance on behalf of Husband solely to contest the court's exercise of personal jurisdiction over Husband. Husband also filed a motion pursuant to Rules 74.06(b) and 75.01 to set aside the dissolution judgment and to quash service of process. In the motion, he alleged the court did not have personal jurisdiction over him because he never lived in lawful marriage in the state. Therefore, Husband argued he could not be subject to an *in personam* judgment regarding maintenance, attorney's fees, or the disposition of marital assets and debts. Husband asked the court to quash service of process on him and to set aside the portions of the judgment that divided their assets and debts, adjudicated the issue of maintenance, and ordered that, in the event of non-compliance with the judgment, the aggrieved party could file a verified motion for contempt.

To support his motion, Husband attached his affidavit stating he and Wife resided in Arizona from October 2015 to March 2021. Husband stated that, in November 2020, he informed Wife that he wanted a divorce. He intended to remain in Arizona until he moved to Illinois. He stated that he entered into a contract to buy a home in St. Clair County, Illinois, in late February or early March 2021 and, from that day forward, his intent was to reside indefinitely in Illinois. Husband stated that Wife entered into a contract to buy a home in Kansas City during that same time. Husband said he and Wife

3

sold most of their furniture and moved into their respective new residences, and he intended to get divorced amicably once they were both settled in their new homes. According to Husband, the only time he ever spent the night in Missouri was during his move to Illinois in March 2021, when he spent three to four nights in an Airbnb. He stated his purpose for being in Missouri was to pass through the state during his move from Arizona to Illinois, and he never resided with Wife in Missouri or lived in lawful marriage with Wife in Missouri. Husband stated neither he nor Wife held themselves out as husband and wife in Missouri, attempted to establish a home together in the state, or attempted to re-establish their marriage in Missouri.

In Wife's response to Husband's motion to set aside the judgment, Wife's counsel alleged that Husband and Wife began to look for a home in Kansas City in February 2021 with the intent to live there together. On February 14, 2021, they both executed a buyer agency agreement with a real estate broker to find a house in "Jackson County, MO and surrounding areas." They made an offer to buy a home in Kansas City, and Husband "handled the inspection of the home." Wife's counsel alleged that, on March 9, 2021, Husband and Wife arranged to stay in an Airbnb in Kansas City until they were able to close on their home. On March 11, 2021, Husband and Wife closed on the sale of their home in Arizona, packed all of their belongings into pods, and arranged for the pods to be delivered to Missouri. Wife closed on the purchase of the Kansas City home on March 23, 2021. Wife's counsel alleged that they lived together in Jackson County as husband and wife from March 18, 2021, until March 28, 2021, when Husband left. Wife attached as exhibits to her response a copy of the buyer agency agreement signed by both her and

4

Husband, the home inspection contract listing Husband as the "customer," and the Airbnb receipt.

On February 14, 2022, the court held a hearing on Husband's motion to set aside the judgment. Counsel for both parties argued, but no testimony was presented. Wife's counsel admitted during her argument that the statement in Wife's petition that Husband was a resident of Missouri for 90 days preceding the commencement of the action was inaccurate, as he was residing in Illinois during that time. Husband offered, and the court admitted into evidence, the exhibits attached to his motion. Wife asked the court to "consider" the exhibits attached to her response to Husband's motion.[1]

Following the hearing, the court entered an order denying Husband's motion to set aside the dissolution judgment. The court found that the interests of justice would be served by denying the motion. The court further found that Husband was properly served and had not shown any good cause for his failure to timely file an answer or responsive pleading or to appear at any of the hearings held in the case. Husband filed a second motion to set aside the dissolution judgment and to quash service of process. Again, the

_____

[1] Husband argues Wife's exhibits were not properly before the court because they were never admitted into evidence. The transcript indicates that, after Wife's counsel asked the court to "consider" her exhibits, the court asked Husband's counsel if he had any objection to the admission of the exhibits. Husband's counsel did not object but said that he could not remember what some of Wife's exhibits were. After Wife's counsel listed the exhibits, the court did not state whether Wife's exhibits were admitted. Instead, the court asked Wife's counsel to "go ahead and argue" her response to Husband's motion to set aside. In the order denying Husband's motion to set aside the default judgment, however, the court stated that it considered Wife's exhibits in making its decision. Because we find that Wife's exhibits do not prove that Husband and Wife lived together in lawful marriage in Missouri, any error in the court's consideration of them is harmless.

court found that the interests of justice would be served by denying Husband's motion. Husband appeals.

## ANALYSIS

Because it is dispositive, we will address only Husband's Point II. In Point II, Husband contends the court erred in denying his motion to set aside the default dissolution judgment because the judgment was void for lack of personal jurisdiction. He argues that, because he and Wife never lived in lawful marriage in Missouri, the court lacked jurisdiction to subject him to an *in personam* judgment declaring neither party shall pay maintenance to the other and each party shall pay his or her own attorney's fees, dividing the parties' assets and debts, and providing that, in the event of non-compliance with the dissolution judgment, the aggrieved party may file a verified motion for contempt.

Husband filed his motion to set aside the default dissolution judgment under Rule 74.06(b)(4), which allows the court to relieve a party from a final judgment when the judgment is void for lack of personal jurisdiction. We review the court's ruling on a Rule 74.06(b) motion for an abuse of discretion; "however, whether a default judgment should be vacated because it is void is a question of law that we review de novo." *Rosemann v. Rosemann*, 349 S.W.3d 468, 471 (Mo. App. 2011).

A dissolution of marriage proceeding involves "an amalgam of contractual right and status." *Patel v. Patel*, 380 S.W.3d 625, 628 (Mo. App. 2012) (quoting *In re Marriage of Berry*, 155 S.W.3d 838, 840 (Mo. App. 2005)). "Insofar as such a proceeding affects status only, the action is *in rem* or *quasi-in-rem* and requires only that

6

the *res* be before the court upon proper notice." *Id.* (quoting *Berry*, 155 S.W.3d at 840).

Husband does not challenge that the court had jurisdiction to dissolve the marriage based

on the court's *in rem* jurisdiction.[2]

"Insofar as the proceeding affects certain contractual aspects of the marriage . . .

the action is *in personam* and requires personal service or presence of the other spouse

for [a] valid judgment." *Id.* (quoting *Berry*, 155 S.W.3d at 840). "The court 'must have

jurisdiction over the person of the defendant to adjudicate a personal liability against him

and must have jurisdiction over the thing, be it status or specific property, to affect the

interest of defendant in that thing.'" *Ketteman v. Ketteman*, 347 S.W.3d 647, 651 (Mo.

App. 2011) (quoting *Berry*, 155 S.W.3d at 840). "Lack of personal jurisdiction precludes

consideration of orders pertaining to maintenance, child support, attorney's fees, and

division of property (not within the State)." *Patel,* 380 S.W.3d at 628 (citing *Thompson

v. Thompson*, 657 S.W.2d 629, 631 (Mo. banc 1983), and *Berry*, 155 S.W.3d at 842). It

also precludes ordering the party over whom the court lacks personal jurisdiction to pay

marital debts. *Ketteman*, 347 S.W.3d at 655. "To obtain personal jurisdiction over a

non-resident defendant, a plaintiff 'must make a prima facie showing that 1) the cause of

action arose out of an activity covered by Missouri's long-arm statute, . . . and 2) the

---

[2] Section 452.305.1(1), RSMo 2016, provides that the court "shall enter a judgment of dissolution of marriage if" it finds, among other things, that one of the parties has been a resident of the state for 90 days immediately preceding the commencement of the proceeding and that 30 days have elapsed since the filing of the petition. Wife testified at the default hearing on her dissolution petition that she had been a Missouri resident for 90 days immediately preceding the commencement of the proceeding and that 30 days had elapsed since she filed her petition.

7

defendant had sufficient minimum contacts with Missouri to satisfy the requirements of due process.'" *Id.* at 650 (quoting *Berry*, 155 S.W.3d at 840).

Rule 54.06(b) and Section 506.500.2[3] state the requirements for long-arm jurisdiction for dissolution of marriage actions. Rule 54.06(b) provides that a court has *in personam* jurisdiction over any person:

> [W]hether or not a citizen or resident of the state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney fees, suit money or disposition of marital property, if the other party to the lawful marriage lives in this state or if a third party has provided support to the spouse or the children of the marriage and is a resident of this state.

*See also* § 506.500.2. "Rule 54.06(b) mandates compliance with the minimum contacts test by requiring that one whom the state would subject to an in personam judgment for maintenance, support, attorney's fees, suit money, or disposition of marital property must have 'lived in lawful marriage within this state.'" *Crouch v. Crouch*, 641 S.W.2d 86, 89 (Mo. banc 1982).

Wife's counsel alleged in the response to Husband's motion to set aside that the parties lived as husband and wife in Missouri from March 18, 2021, until March 28, 2021. Wife did not support this allegation with her sworn affidavit or testimony. "[A]llegations in a motion are not self-proving." *Lombardo v. Lombardo*, 120 S.W.3d 232, 241 (Mo. App. 2003). Likewise, her counsel's statements during the hearing on the motion to set aside that Husband and Wife moved together to Missouri and intended to

---

[3] All statutory references are to the Revised Statutes of Missouri 2016.

8

permanently stay here did not constitute evidence. "Arguments and statements of counsel are not evidence of the facts presented." *Andersen v. Osmon*, 217 S.W.3d 375, 381 (Mo. App. 2007) (citation omitted).

The only evidence Wife offered were the exhibits attached to her response to Husband's motion to set aside. From two of these exhibits – a copy of the buyer agency agreement signed by both Husband and Wife and a copy of the home inspection contract for the Kansas City home listing Husband as the "customer" – the court could reasonably infer that Husband, at some point, possessed the intent to live in Missouri. Neither exhibit, however, supported a finding that Wife and Husband *actually* lived in lawful marriage in Missouri. Furthermore, the Airbnb receipt showed only that Wife rented a home in Kansas City for 13 nights between March 18, 2021, and March 31, 2021. While the court was free to disregard Husband's affidavit, there was no evidence to support a finding that Husband and Wife ever lived in lawful marriage in Missouri and, therefore, that the court had personal jurisdiction over Husband.

The circuit court denied Husband's motion to set aside the default dissolution judgment on the basis that Husband was properly served and did not show good cause for his failure to file an answer or a responsive pleading or to appear at any of the hearings held in the case. These findings indicate that, even though Husband filed his motion under Rule 74.06(b)(4) on the ground that the judgment was void for lack of personal jurisdiction, the court denied the motion because Husband failed to meet Rule 74.05(d)'s requirement of showing good cause for setting aside a default judgment. As we noted in *Patel*, "compliance with Rule 74.05(d) to set aside the judgment is not necessary with

regard to the aspects of the judgment for which the court lacked jurisdiction." 380 S.W.3d at 629 n.3. "To so require would go against the rule that, where the court lacks jurisdiction, a party waives no jurisdictional defenses merely for nonappearance at a hearing." *Id*. Indeed, Husband "had the right, as a matter of due process, to ignore the dissolution proceedings." *Id*. (quoting *Crouch*, 641 S.W.2d at 90). This is because "a personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally." *Id*. (quoting *Crouch*, 641 S.W.2d at 90).

The court's lack of personal jurisdiction over Husband precluded consideration of orders pertaining to maintenance, attorney's fees, and the division of property not within Missouri, including the payment of marital debts. *Thompson*, 657 S.W.2d at 631; *Patel*, 380 S.W.3d at 629; *Ketteman*, 347 S.W.3d at 655.[4] Therefore, the court abused its discretion in failing to set aside those orders in the default judgment. The court's award of property located within Missouri is not void for lack of personal jurisdiction; nevertheless, "[b]ecause the court had no jurisdiction to award out of state property, and on remand the court will be required to make a just division of all property, we set aside

---

[4] Husband also argues the court could not divide the parties' marital debts because the court lacked personal jurisdiction over their creditors, who are banks and credit card companies domiciled in either Delaware or California. We disagree. Husband and Wife's creditors were not parties to the dissolution proceeding. As the Eastern District of this court stated in rejecting a judgment creditor's attempt under Rule 52.12(a)(2) to intervene in a dissolution proceeding, "Intervenor's claim does not originate in anything appearing in the dissolution action pleadings, nor will it gain or lose by the direct operation of any property disposition made in the dissolution decree." *Poteat v. Poteat*, 632 S.W.2d 511, 512 (Mo. App. 1982). As long as the court has personal jurisdiction over both parties to a dissolution action, Section 452.330.1 requires the court to divide the marital debts, and the court "possesses the authority to distribute marital debts in the sense that one spouse may be assigned the primary duty to pay off the debt and hold the other spouse harmless on the same." *Wright v. Wright*, 1 S.W.3d 52, 60 (Mo. App. 1999).

10

the division of in-state property to allow the circuit court to make an equitable division without the constraint of its prior order." *Patel*, 380 S.W.3d at 630.

We conclude that, while the court had jurisdiction over the status of the marriage, it did not have personal jurisdiction over Husband to adjudicate and subject him to an *in personam* judgment regarding maintenance, attorney's fees, and the division of property not within Missouri. *See id.* at 631-32. As there is no challenge to the court's dissolution of the marriage, we find the court erred in failing to set aside the default judgment in all respects except for the dissolution of the marriage and the restoration of Wife's maiden name. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

CONCLUSION

The judgment is affirmed, in part, reversed, in part, and remanded.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.